HENRIETTA COBB, Respondent, *v.* UNITED ENGINEERING AND CONTRACTING COMPANY, Appellant.

1. NEGLIGENCE — EVIDENCE — WHEN DECLARATION OF OFFICER OF DEFENDANT CORPORATION INADMISSIBLE TO PROVE DEFENDANT'S NEGLIGENCE. Where, in an action to recover for personal injuries alleged to have been caused by a stone thrown by a blast fired by the defendant, a corporation engaged in making an excavation near the place where the plaintiff was injured, the evidence that the stone was hurled by a blast fired by the defendant, and not by another, is slight and unsatisfactory, it is reversible error to admit evidence of a conversation had with the president of the defendant at a casual meeting at a social club a day or two after the accident, to the effect that, when told of the injury to the plaintiff and the place where and the manner in which the accident had happened, he said that he was sorry, and did not deny that it was his company that was doing the blasting; such evidence is incompetent and inadmissible as an admission against the defendant, since the declarations of an officer of a corporation are not evidence against the latter except when made in the discharge of his official duties; and it cannot be regarded as harmless, because of little value or wholly immaterial, where it is contended that such evidence is competent, and it appears to have been the principal reason urged for holding the defendant liable.

2. EVIDENCE — EXPERT WITNESS — HYPOTHETICAL QUESTION — WITNESS CONFINED TO FACTS STATED IN QUESTION IN FORMING HIS OPINION. Where a surgeon, who had attended the plaintiff and was the expert witness in such action as to the character and extent of her inju-

rics, admitted upon cross-examination, that, when answering a hypothetical question, he had in mind and took in consideration statements, previously made to him by the plaintiff and her husband, regarding facts which were not stated in the hypothetical question, it is reversible error for the trial court to refuse to strike out the answer of the witness to such question; since an expert witness should be confined to questions which contain in themselves the facts assumed to be proven, and upon which his opinion is desired.

*Cobb* v. *United Engineering, etc., Co.*, 118 App. Div. 904, reversed.

(Argued March 4, 1908; decided March 31, 1908.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 13, 1907, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Alton B. Parker, John Vernou Bouvier, Jr., Stephen P. Anderton* and *Frank V. Johnson* for appellant. The expert's answer to plaintiff's hypothetical question, being admittedly predicated upon assumptions of fact not appearing in evidence, was incompetent. (*Sullivan* v. *M. S. Ry. Co.*, 63 App. Div. 46 ; *Link* v. *Sheldon*, 136 N. Y. 1; *Guiterman* v. *L., etc., S. S. Co.*, 83 N. Y. 358; *Matter of Snelling*, 136 N. Y. 515, 518 ; *McGuire* v. *B. H. R. R. Co.*, 30 App. Div. 227 ; *Connelly* v. *M. Ry. Co.*, 60 Hun, 495 ; *Atkins* v. *M. Ry. Co.*, 57 Hun, 102 ; *People* v. *McIlvaine*, 121 N. Y. 250.) The alleged admission by defendant's president to the effect that plaintiff's injury had been caused by defendant's blasting was incompetent. (*F. Nat. Bank* v. *O. Nat. Bank*, 60 N. Y. 278; *Tompkins* v. *F. G. L. Co.*, 188 N. Y. 261.) The testimony of lay witnesses to show that the rock at defendant's tunnel shaft was of the same character as that which struck plaintiff was incompetent. (*Schwander* v. *Berge*, 46 Hun, 66 ; *Van Wycklen* v. *City of Brooklyn*, 118 N. Y. 424; *Terpenning* v. *C. E. Ins. Co.*, 43 N. Y. 279; *Smith* v. *City*

*of Brooklyn*, 32 App. Div. 257; *McGean* v. *M. Ry. Co.*, 117 N. Y. 219; *People* v. *Gonzalez*, 35 N. Y. 59.)

*Benjamin Slade, Maxwell Slade* and *David Slade* for respondent. The expert's answer to plaintiff's hypothetical question was predicated upon the assumptions therein, and the assumptions in themselves were amply supported by the evidence in the case. (*Cullen* v. *Gallagher*, 71 N. Y. S. R. 456; *Evans* v. *Louis*, 82 Hun, 396; *Stever* v. *N. Y. C. & H. R. R. R. Co.*, 7 App. Div. 392; *Gray* v. *B. H. R. R. Co.*, 72 App. Div. 424; *Harnett* v. *Garvey*, 66 N. Y. 641; *Sterns* v. *Field*, 90 N. Y. 640; *Wintringham* v. *Hayes*, 144 N. Y. 1; *Cole* v. *F. B. C. Co.*, 159 N. Y. 59; *Cowley* v. *People*, 83 N. Y. 464; *Mercer* v. *Woose*, 67 N. Y. 56.) Evidence as to the admissions of the president of the defendant company was properly received. (*F. Nat. Bank* v. *O. Nat. Bank*, 60 N. Y. 278.) The testimony relating to the comparison of the rock that struck the plaintiff and the rock at the place of excavation was properly admitted. (*Sloane* v. *N. Y. C. R. R. Co.*, 45 N. Y. 125; *De Witt* v. *Barly*, 17 N. Y. 343.)

Chase, J. The plaintiff while standing opposite an open doorway on the third floor of a building on the north side of West Thirty-third street, in the borough of Manhattan, city of New York, was hit on the right side by a stone which came through such doorway. She fell against her husband who was standing by her side. This action was brought against the defendant to recover for the injuries alleged to have resulted from such blow and from the fall occasioned thereby. At the trial the jury rendered a verdict in her favor of $25,000.

The injuries claimed by the plaintiff to have been the proximate result of such blow include extreme nervousness, one broken and two fractured ribs on the right side, and a bruise on the left breast ultimately resulting in a cancer necessitating the removal of the breast and a partial loss of the use of the left arm.

At the foundation of the plaintiff's right to recover is the question whether the defendant hurled the stone that it is claimed caused the injury.

At the time of the accident the work of excavating had been commenced in said borough for the Pennsylvania railroad depot. Such excavations and the preparations therefor were somewhat extended upon the lands located southerly of the building where the plaintiff was standing when she was injured. The defendant admits that it was engaged in making certain excavations for a tunnel shaft about twenty feet square in the vicinity of No. 553 West Thirty-second street, in said borough, and that it used dynamite for blasting purposes when it became necessary in the progress of said work, but it denies that the plaintiff was struck by a stone hurled from the place where it was engaged in said work.

The case was tried with knowledge that it was necessary for the plaintiff to prove that the stone which hit her was hurled by a blast fired by the defendant, and the trial court so charged the jury at the commencement of his address to them.

The evidence relied upon to show that the defendant hurled the stone which hit the plaintiff is unsatisfactory. One or more witnesses heard the noise from blasts fired in that vicinity on the morning in question, but no witness was produced that saw the blast fired at the time of the accident, or that saw the stones flying therefrom, except as they hit the building in which the plaintiff was standing, or as they came through said doorway. The value of the statements of three witnesses for the plaintiff to the effect that the defendant fired the blast that hurled the stone in question, and that no one other than the defendant was engaged in blasting in that vicinity, was substantially affected, if not wholly overcome, by the cross-examination of such witnesses. The evidence of at least two of such witnesses was stricken out as hearsay on motion. Assuming that the evidence of one of such witnesses was not stricken out it appears from his cross-examination that he had no personal knowledge on the subject, and that his statements were hearsay and conjectural.

The testimony that a painted sign bearing the defendant's name was on a certain building near the excavations and also one near the proposed tunnel shaft did not prove anything further than the defendant had previously admitted.

The nature, appearance and general character of the stone that hit the plaintiff is similar to that found generally throughout Manhattan Island, and not peculiar to the particular place where the defendant admits it was engaged in excavating.

The other testimony relied upon by the plaintiff is that of a witness from which it is claimed that Mr. Hough, the president of defendant, admitted that the defendant fired the blast that hurled the stone.   The record relating to such testimony is as follows :

" Q. Did you, subsequent to this action, meet the president of the Company, Mr. Hough ?   Mr. Bouvier : Objected to as incompetent, irrelevant and immaterial and upon the ground that he assumes that.   A. I did.   *  *  *   Q. Did you have a conversation with Mr. Hough with relation to this work being done at the time of this accident by this company ? Mr. Bouvier : Objected to as incompetent, irrelevant and immaterial and not binding. · [Objection overruled, exception to the defendant.]   A. I did.   Q. Will you kindly state to his Honor and the jury all that was said by Mr. Hough ? Mr. Bouvier : Objected to as incompetent, irrelevant and immaterial and not binding, and indefinite in time.   [Objection overruled, exception to the defendant.]   A. I described the accident that happened to Mrs. Cobb and my recollection is that he said he was very sorry about it and it was very distressing and words to that effect.   There was nothing said in relation to who did the work and what the nature of the work being done at the time of this accident was."

It subsequently appeared that this conversation was a day or two after the accident at a casual meeting at the Engineers Club.

On the cross-examination of this witness he stated that he knew the defendant was engaged in blasting, and in proof thereof he said : " The president of the Company did not

deny that it was his Company that was doing the blasting when we talked it over."

And again : "We talked over the subject of the accident and he expressed his sorrow that it happened."

This testimony was inadmissible. It is clear upon principle and well settled by authority that the declaration of an agent or that of an officer of a corporation is not evidence against his principal, except when made in the course of his agency or in the discharge of his official duties. (*First National Bank of Lyons* v. *Ocean National Bank*, 60 N. Y. 278, 296 ; *Fox* v. *Village of Manchester*, 183 N. Y. 141, 146 ; *Tompkins* v. *Fonda Glove Lining Company*, 188 N. Y. 261, 264.)

It may be suggested that the answers of the witness are not of sufficient importance to have affected the jury in the determination of the question under consideration. If this evidence was not competent for the purpose of aiding the jury in determining the question as to whether the defendant hurled the stone that hit the plaintiff then it is wholly immaterial for any purpose.

As we have seen it was incompetent as an admission against the defendant. In view of the fact that the testimony relating to the defendant being the only one engaged in blasting in the vicinity of the building where the plaintiff was injured is of so slight a character the defendant had a right to insist that incompetent testimony, although of little value or wholly immaterial, should not be urged upon the jury as a reason for holding the defendant liable for the accident. That the evidence was insisted upon by the plaintiff as proof of the defendant's liability is shown not only by a general view of the record, but by the fact that the plaintiff in this court has insisted, not only that the evidence is competent, but that the failure of the defendant's president at the time of such conversation with a stranger to the action to deny that the defendant fired the blast, instead of expressing sympathy for the plaintiff, is a reason, and it proves to be the principal reason urged for holding the defendant liable in this action.

The surgeon who performed the operation upon the plaintiff nearly three years after the accident, and treated her for a few weeks thereafter, was called as a witness in her behalf. He testified in response to a hypothetical question, in substance, that in his opinion the cancer was caused by the fall of the plaintiff against her husband's knee at the time she was struck by the stone.

On cross-examination, referring to the hypothetical question, he testified : " My answer is predicated upon the history of the case as she gave it to me, supplemented by my own examination. The history of the case as recited to me was an indispensable circumstance in coming to a conclusion in answer to this hypothetical question that the trauma may have been the cause of the cancer. I have taken into consideration the character of the contusion that she is supposed to have sustained. I had in mind a contusion as related to me, was caused by Mrs. Cobb's fall. The kind of a contusion was rather of a severe contusion. That is what I assumed. I took into consideration the fact that to the doctor who attended to it, it appeared so slight he paid no attention to it. Although it was so slight that to a medical man it presented nothing that was worthy of attention, I assumed a severe contusion on account of the severity of the after effects which were stated to me by the patient." He further testified that the statements that he had taken into account were made to him by the patient and her husband, and he further said that he had such statement in his mind when he answered the hypothetical question. He further testified : " In answering the hypothetical question I had that in my mind what the plaintiff and her husband had told me regarding the changes in the contour of the breast and the period in which these changes had manifested themselves."

After an adjournment this witness, upon further examination by the plaintiff's counsel, materially qualified the testimony given by him on such cross-examination, and said in substance that he took into account the statements made to him for the purpose of diagnosing the plaintiff's case, but not

31

for the purpose of answering the hypothetical question. He admitted, however, on such redirect examination, that "In order to determine the existence of any positive factor I (he) had to inquire into the antecedent history of her family. That was not in the hypothetical question." The defendant moved to strike out the answer of the witness to such question, but the motion was denied and the defendant excepted. The motion should have been granted and the plaintiff allowed to restate the question to the witness, excluding from the mind of the witness all statements previously made to him by the plaintiff and her husband, including the antecedent history of her family, except as stated in the question. If the witness answered such question his answer could have been considered by the jury. The opinion of the witness, in answer to the question as put to him, was undoubtedly based in part upon facts not included therein.

An expert witness should be confined to questions which contain in themselves the facts assumed to be proven, and upon which his opinion is desired. (*Link* v. *Sheldon*, 136 N. Y. 1.)

The trial court has some discretion in regard to the form of questions to be propounded to an expert, but such discretion has never been extended so as to allow an expert to take into account in answering a question unsworn statements of facts gleaned apart from the trial.

The judgment should be reversed and a new trial granted, with costs to abide the event.

Cullen, Ch. J., Gray, Haight, Vann, Werner and Willard Bartlett, JJ., concur.

Judgment reversed, etc.