CALLAHAN v. KEITH & PROCTOR AMUSEMENT CO.

(Supreme Court, Appellate Term.   June 30, 1908.)

EVIDENCE—ADMISSION BY EMPLOYÉ.

Plaintiff, in an action for negligence of defendant's employé, may not introduce a conversation between him and the employé after the accident; it not being part of the res gestæ, and there being no evidence that the employé had any authority to bind defendant.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, §§ 887–915.]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Charlotte S. Callahan against the Keith & Proctor Amusement Company.   From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Frank V. Johnson, for appellant.

John B. Brown, for respondent.

PER CURIAM.   The plaintiff brings this action to recover damages for an injury alleged to have been sustained through the negligence of an employé of the defendant.   On the night of November 11, 1907, the plaintiff, walking up Third avenue, came into collision with a man who was being thrown from Keith & Proctor's Theater.   It is claimed that the man who was being thrown from the theater was intoxicated, and was being ejected by an employé of the defendant because he had created a disturbance in the theater.

The plaintiff offered evidence of a conversation had with the defendant's employé after the accident.   This conversation contained an admission as to the employé's negligence.   It was received over the objection and subject to the exception of the defendant.   The conversation which was admitted was not part of the res gestæ, nor was there any evidence to show that the employé making the admission had any authority to bind the defendant.   The admission of this testimony con- stituted error prejudicial to this defendant, and necessitates the reversal of this judgment.   Cobb v. U. S. Engineering Co., 191 N. Y. 481, 84 N. E. 395; Gradner v. Schenectady Ry. Co., 113 App. Div. 133, 98 N. Y. Supp. 1034.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.