### CALLAHAN v. KEITH & PROCTOR AMUSEMENT CO.

(Supreme Court, Appellate Term.   June 30, 1908.)

EVIDENCE—ADMISSION BY EMPLOYÉ.

Plaintiff, in an action for negligence of defendant's employé, may not introduce a conversation between him and the employé after the accident; it not being part of the res gestæ, and there being no evidence that the employé had any authority to bind defendant.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, §§ 887–915.]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Charlotte S. Callahan against the Keith & Proctor Amusement Company.   From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Frank V. Johnson, for appellant.

John B. Brown, for respondent.

PER CURIAM.   The plaintiff brings this action to recover damages for an injury alleged to have been sustained through the negligence of an employé of the defendant.   On the night of November 11, 1907, the plaintiff, walking up Third avenue, came into collision with a man who was being thrown from Keith & Proctor's Theater.   It is claimed that the man who was being thrown from the theater was intoxicated, and was being ejected by an employé of the defendant because he had created a disturbance in the theater.

The plaintiff offered evidence of a conversation had with the defendant's employé after the accident.   This conversation contained an admission as to the employé's negligence.   It was received over the objection and subject to the exception of the defendant.   The conversation which was admitted was not part of the res gestæ, nor was there any evidence to show that the employé making the admission had any authority to bind the defendant.   The admission of this testimony con-stituted error prejudicial to this defendant, and necessitates the reversal of this judgment.   Cobb v. U. S. Engineering Co., 191 N. Y. 481, 84 N. E. 395; Gradner v. Schenectady Ry. Co., 113 App. Div. 133, 98 N. Y. Supp. 1034.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

---

### CALLAHAN v. KEITH & PROCTOR AMUSEMENT CO.

(Supreme Court, Appellate Term.   June 30, 1908.)

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by James E. Callahan against the Keith & Proctor Amusement Company.   From a judgment for plaintiff, defendant appeals. Reversed.

PER CURIAM. Judgment reversed, on the authority of Charlotte Callahan v. Keith & Proctor Amusement Co. (decided this term) 111 N. Y. Supp. 781.

___

### CAMPBELL v. ABBOTT.

(Supreme Court, Appellate Term. June 30, 1908.)

1. SET-OFF AND COUNTERCLAIM—ASSIGNED CLAIMS—LIVERY STABLE KEEPERS—CARE OF HORSES AND VEHICLES—LIEN.

In an action against a liveryman for the recovery of plaintiff's horse, harness, and trap, defendant, while entitled to set up in defense his claim for the amount due him as livery stable keeper, could not interpose as a counterclaim the amount of certain bills against plaintiff which had been assigned to him.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Set-Off and Counterclaim, §§ 118–122.]

2. LIVERY STABLE KEEPERS—LIEN.

Under Lien Law, Laws 1897, p. 533. c. 418, § 74, giving a livery stable keeper a lien, dependent on possession. on each animal boarded and vehicle kept, for the sum due him for care and keep, the fact that, in an action against a liveryman for the possession of a horse, etc., defendant demanded more than the amount of his lien, did not vitiate the lien.

3. TENDER—SUFFICIENCY.

In an action against a liveryman for the recovery of a horse, etc., on which defendant claimed a lien for the keep thereof, a deposit by plaintiff in court of an amount insufficient to satisfy defendant's enforceable lien, "subject to the acceptance of the same by defendant in full satisfaction of the lien claimed," was a defective tender.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Tender, §§ 21–28.]

4. COURTS—MUNICIPAL COURTS—APPEAL—APPEALABLE ORDERS.

Where, in an action in the Municipal Court to recover chattels, a deposit made by plaintiff was not a proper tender of the amount due defendant, and was not accepted by the latter, the clerk was merely a stakeholder, and not within the purview of the justice's jurisdiction in the action, and no appeal lay from an order denying a motion to return the deposit; the Municipal Court act making no provision for appealing from such an order.

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Joseph Neil Campbell against Oscar B. Abbott for the recovery of chattels. From a judgment for plaintiff, defendant appeals; and from an order denying a motion to return amount of a tender deposited in court, plaintiff appeals. Judgment awarding possession of chattels reversed, and appeal from order dismissed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Alexander & Cohn, for appellant.

William B. Dressler, for respondent.

MacLEAN, J. At the end of August last the plaintiff, for the keep of his horse, harness, and trap, owed for the month $32.50 to the defendant, who refused to let the chattels go out of his stable, and who on September 2d gave the plaintiff a bill for August for that amount. Then the plaintiff tendered the $32.50, but the defendant refused the