JOHN T. CHRISTASTIE, Respondent, *v.* ELMIRA WATER, LIGHT AND RAILROAD COMPANY, Appellant.

Third Department, July 6, 1922.

Evidence — expert evidence — action for personal injuries to plaintiff's wife — hypothetical question based partly on facts assumed from evidence and partly on facts within knowledge of expert witness proper — testimony of physician as to complaints made by injured woman to him when examining her for purpose of testifying improper but does not warrant new trial where her attending physician testified without objection to practically same thing.

In an action to recover for personal injuries to the plaintiff's wife, a hypothetical question, propounded to a physician, examined as an expert, which was based partly on facts not within his knowledge but which were amply proved and partly on facts gathered from his own observation, was proper, as it was a proper combination of the two established methods of examining an expert, namely: *First,* where the expert is familiar with the facts by personal observation

and so testifies, he may be asked directly for his opinion without stating the facts upon which it is based; *second*, where the expert is not familiar with the facts upon which his opinion is based, they must be stated to him hypothetically and upon the assumption of the facts so stated he must base his opinion.

It was improper to allow a physician to testify as to complaints of physical ailments made by the plaintiff's wife to him when he was examining her, not as a patient, but merely for the purpose of testifying, but the error was not so prejudicial as to require a new trial where her regular physician who had been attending her throughout the period in question testified without objection to practically the same thing and defendant's counsel elicited from his own medical expert, who had examined the plaintiff's wife, the fact that she had complained to him.

APPEAL by the defendant, Elmira Water, Light and Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Chemung on the 1st day of December, 1921, upon the verdict of a jury for $920, and also from an order entered in said clerk's office on the 24th day of December, 1921, denying defendant's motion for a new trial made upon the minutes.

*Stanchfield, Collin, Lovell & Sayles* [*Halsey Sayles* of counsel], for the appellant.

*Mortimer L. Sullivan,* for the respondent.

HINMAN, J.:

The action was brought to recover for the pecuniary loss of the plaintiff resulting from personal injuries inflicted on his wife in a collision between two of the defendant's street cars. The only questions raised upon this appeal are with reference to alleged errors in ruling by the justice presiding.

One question was challenged by the appellant as an improper hypothetical question as assuming facts not before the jury. The question was propounded by counsel for the plaintiff to Dr. Colegrove who had testified to a personal examination of the plaintiff when called in consultation shortly after the accident which occurred on February 12, 1919, and to examination on the day of the trial and once intervening, which it seems was just prior to the trial of the action brought by the wife for her personal injuries. He testified that he had made a physical examination of the plaintiff on these occasions and gave in detail what he found as to her condition. The question propounded was as follows: " Q. Now assuming Doctor that this woman was well preceding Feb. 12th, 1919, and on that day she sustained a fall in a street car collision and coupling these premises with your subsequent examination are you able to say with reasonable certainty as to the cause of the condition you found? "

The question propounded to the witness was based in part upon facts stated hypothetically, being facts not within the knowledge of the doctor, to wit, that the plaintiff was well preceding February 12, 1919, and on that date sustained a fall in a street car collision. These facts were amply proved. Upon these facts, together with the facts which came to the knowledge of the doctor by reason of his subsequent examination, his opinion was asked as to whether he could say with reasonable certainty what was the cause of the condition he found. In the examination of an expert there are two proper methods of interrogation: *First,* where the expert is familiar with the facts by personal observation and so testifies, he may be asked directly for his opinion without stating the facts upon which it is based; *second,* where the expert is not familiar with the facts upon which his opinion is based, they must be stated to him hypothetically and upon the assumption of the facts so stated he must base his opinion. (*People* v. *Youngs,* 151 N. Y. 210, 218.) The question in the present case constituted a proper combination of these two methods. Facts not within his knowledge but which were amply proved otherwise were assumed in conjunction with facts gathered from his own observation and which were within his own personal knowledge. I think that was the effect of the question and that there was no error. He had testified to the facts which he had found upon his examination but whether or not he had testified to all of the facts within his knowledge and upon which he based his opinion it remained for the attorney for the defendant to subject him to cross-examination as to those facts, in putting his opinion to the test to which it was entitled to be subjected, if desired.

It is also charged that it was error to admit the testimony of Dr. Colegrove that shortly before the trial he had examined the plaintiff's wife and that " she complained still of headache and inability to read or withstand any physical exertion without a great fatigue or without tiring her a great deal." A motion was made to strike out this testimony for the reason that it did not consist of statement made by the patient for the purpose of treatment and relating to the existing condition of the patient. It is quite apparent that while Dr. Colegrove had shortly after the accident examined the patient as a consultant and for the purpose of aiding in her proper treatment, he had examined her on the two subsequent occasions, once before the wife's trial and once before the present trial, for the purpose of testifying. I think the question was improper under the authorities cited by the appellant, particularly *Davidson* v. *Cornell* (132 N. Y. 228, 237), but I am not satisfied that the error was so prejudicial as to require

a new trial. Dr. Soble, the attending physician of the plaintiff's wife, testified to substantially the same thing without objection on the part of defendant's counsel, and since he was attending her for the purpose of treatment throughout this whole period this testimony coming from him was properly before the jury under the authorities cited and counsel for the defendant also elicited from his own expert witness who had examined the plaintiff's wife, the fact that the patient had complained to him. He was not permitted, however, to state the nature of these complaints and so far as his testimony is concerned is valuable only in a very general and uncertain way. It remains, however, that the testimony of the plaintiff as to the continuance of her ailment was supported not alone by the improper testimony of Dr. Colegrove, but by testimony of her attending physician which was properly in the record. Under these circumstances it seems to me that the question was not so prejudicial as to warrant a reversal on that alone.

The judgment and order should be affirmed, with costs.

Judgment and order unanimously affirmed, with costs, the court being of the opinion that the errors, if any, did not affect the substantial rights of the parties and should be disregarded under section 106 of the Civil Practice Act.