In the Matter of the Claim of ABRAHAM VOLINSKY, Appellant, against RELIABLE WASTE & RAG CO., INC., Employer, and THE STATE INSURANCE FUND, Insurance Carrier, Respondent. STATE INDUSTRIAL BOARD, Respondent.

Third Department, January 7, 1942.

*Charles Rosenberg* [*Benjamin H. Siff* with him on the brief], for the appellant.

*William F. O'Rourke* [*George J. Hayes* and *Victor Fiddler* with him on the brief], for the respondent.

FOSTER, J.   Claimant has been denied an award of compensation on the ground that no accident was established within the meaning and intent of the Workmen's Compensation Law.

The main facts surrounding the occurrence which led to his disability were established beyond question.   He was employed as a rag sorter.   On the day of the occurrence an official of his employer accidentally stepped into an opening in the floor through which bales of rags were hoisted and fell to the floor below.   Claimant and another employee dashed to his assistance, and in doing so were required to descend a stairway at the bottom of which some steps were missing.   Claimant asserts that he fell over a milk box which had been set at the foot of the stairway to serve in place of the missing steps, and that in falling he struck his chest. In any event, he rushed to the side of the stricken official, who was lying unconscious on the floor.   An ambulance was called and claimant assisted in lifting the unconscious man, who weighed in the neighborhood of 200 pounds.   A short time later claimant collapsed and was treated in a nearby drug store by the physician who had been called to treat the injured official.   According to medical testimony he suffered from a heart attack in the nature of a coronary thrombosis.

Aside from claimant's assertion that he fell over a milk box and sustained an injury to his chest, the foregoing facts are not disputed in any way.   There is some dispute as to whether or not he had previously suffered from a heart condition, but, again, the undisputed proof shows that he had never before been treated for such a condition and had attended regularly to his work.

The decision of the referee, to the effect that claimant did not suffer from an accident, and which was sustained by the State Industrial Board, is apparently based solely on the proposition that claimant failed to establish any external evidence of trauma which had any causal relation to his heart condition.   The referee ignored entirely the excitement and emotional stress created by the accident, claimant's unusual exertion in running downstairs, and the stress and strain incident to lifting the body of his unconscious employer.   Every physician who testified conceded that these elements, taken together, and aside from any question as to whether claimant suffered trauma to his chest, would have a direct causal relation to the heart attack which became apparent a short time after the occurrence.   That a heart attack may be the result of an accident within the meaning of the statute, without evidence of external trauma, is too well established to require the citation of any authority.   The decision of the referee, founded solely upon the issue of external trauma, and without consideration of the other

factors indicated, is based upon a premise so narrow as to be erroneous as a matter of law.

The decision should be reversed, with costs to claimant, and the matter remitted to the State Industrial Board for further consideration.

HILL, P. J., CRAPSER, HEFFERNAN and SCHENCK, JJ., concur.

Decision reversed, with costs to claimant against the State Industrial Board, and matter remitted to the State Industrial Board for further consideration.