In the Matter of the Claim of ABRAHAM VOLINSKY, Respondent, against RELIABLE WASTE & RAG CO., INC., et al., Appellants. STATE INDUSTRIAL BOARD, Respondent.

Argued October 7, 1943; decided November 24, 1943.

*George J. Hayes* and *William F. O'Rourke* for appellants. The Appellate Division in effect directed the Industrial Board to accept its decision on the facts. The foregoing constitutes patent error of law. (*Matter of Daus* v. *Gunderman & Sons, Inc.,* 283 N. Y. 459; *Matter of Dubinsky* v. *Kofsky,* 266 N. Y. 631; *Matter of McGrinder* v. *Sullivan,* 290 N. Y. 11; *Matter of Hoffman* v. *New York Central R. R. Co.,* 290 N. Y. 277; *Matter of Chetney* v. *Manning Co.,* 273 N. Y. 82; *Matter of Altschuller* v. *Bressler,* 289 N. Y. 463; *Matter of Benjamin* v. *Rosenberg Bros.,* 180 App. Div. 234, 223 N. Y. 569.)

*Charles Rosenberg* and *Benjamin H. Siff* for claimant, respondent. The reversal of the denial of award by the Appellate Division was proper. (*Matter of Thompson* v. *City of Binghamton*, 218 App. Div. 451; *Matter of Andrews* v. *Emporium Forestry Co.*, 250 N. Y. 592; *Matter of Blass* v. *Long Island Motor Parkway, Inc.*, 222 App. Div. 706; *Matter of Shapiro* v. *Moss & Steinberg*, 227 App. Div. 681; *Matter of Uhl* v. *Guarantee Constr. Co.*, 174 App. Div. 571; *Matter of Broleski*, 171 App. Div. 959; *Matter of Green* v. *Geiger*, 253 App. Div. 469; *Matter of Langford* v. *Republic Steel Corp.*, 258 App. Div. 1015; *Matter of Fowler* v. *Risedorph Bottling Co.*, 175 App. Div. 224; *Lerner* v. *Rump Bros.*, 212 App. Div. 747.) The order placed the Industrial Board under no constraint. It could find as it saw fit. (*Matter of Heimroth* v. *Elk Transp. Co.*, 263 App. Div. 917, 288 N. Y. 716; *Matter of Whitmyre* v. *International Business Machines Corp.*, 274 N. Y. 61; *Matter of Falk* v. *Midland Dairy Co.*, 273 N. Y. 616; *Matter of Green* v. *Geiger*, 280 N. Y. 610.)

*Nathaniel L. Goldstein, Attorney-General* (*Roy Wiedersum* and *Orrin G. Judd* of counsel), for State Industrial Board, respondent. No direction to make an award was contained in the opinion of the Appellate Division or in the order which reversed the decision of the State Industrial Board and remitted the matter to the said Board. The Board reconsidered the case, with full discretion to grant or deny an award, arrived at new findings of fact and made an award based thereon. (*Matter of Heimroth* v. *Elk Transp. Co.*, 263 App. Div. 917, 288 N. Y. 716.) The final decision of the Industrial Board allowing compensation was based on sufficient evidence and was properly affirmed. (*Matter of Whitmyre* v. *International Business Machines Corp.*, 274 N. Y. 61; *Matter of Falk* v. *Midland Dairy Co.*, 273 N. Y. 616; *Matter of Green* v. *Geiger*, 280 N. Y. 610.)

*Per Curiam.* A claim for compensation under the Workmen's Compensation Law was dismissed by the State Industrial Board. On appeal by the claimant to the Appellate Division, this decision was reversed " and the matter remitted to the State Industrial Board for further consideration." (263 App. Div. 221, 223.) The Board thereupon made an award to the claimant which has

been affirmed. Carrier and employer have now appealed to us from this affirmance, specifying in their notice of appeal their intention to bring up for review the intermediate reversal by the Appellate Division of the original decision of the Board dismissing the claim.

On its second view of the matter, the Board (without taking new proof except as to the amount of the award) ordered that its first decision be " amended as of course " so as to make an award to the claimant. Apparently the Board took the opinion of the Appellate Division as a declaration that compensation was due to the claimant. This was a misconception. The Appellate Division had no power to dictate a decision for the Board. " The decision of the board shall be final as to all questions of fact ". (Workmen's Compensation Law, § 20. See *Matter of McGrinder* v. *Sullivan,* 290 N. Y. 11.)

The order of the Appellate Division should be reversed, with costs in this court and in the Appellate Division against the State Industrial Board, and the matter remitted to the Board for a determination of the issues.

LEHMAN, Ch. J., LOUGHRAN, RIPPEY, LEWIS, CONWAY, DESMOND and THACHER, JJ., concur.

Order reversed, etc.