In the Matter of the Claim of WILLIAM E. BERGMAN, Deceased, et al., Respondents, against MERGENTHALER LINOTYPE COMPANY et al., Appellants.

STATE INDUSTRIAL BOARD, Respondent.

Argued April 6, 1945; decided May 17, 1945.

*John M. Cullen* for appellants. That the Appellate Division has no power to weigh the testimony adduced before the Industrial Board, or to constrain the Industrial Board to accept or reject it has been determined with finality in several outstanding cases and is well settled law. (*Daus* v. *Gunderman & Sons, Inc.*, 283 N. Y. 459; *Matter of Volinsky* v. *Reliable Waste & Rag Co.*, 291 N. Y. 224; *Matter of Dubinsky* v. *Kofsky*, 266 N. Y. 631; *Matter of Chetney* v. *Manning Co.*, 273 N. Y. 82; *Matter of Kiriloff* v. *A.G.W. Wet Wash Laundry*, 282 N. Y. 466; *Matter of Petak* v. *Macy & Co.*, 254 App. Div. 617.)

*Nathaniel L. Goldstein, Attorney-General* (*Roy Wiedersum* and *Orrin G. Judd* of counsel), for State Industrial Board, respondent. The decision of the Appellate Division on the first appeal was not a reversal on disputed facts. It did not determine the question of liability. The State Industrial Board reconsidered the case after the reversal and made new findings of fact. (*Matter of Culver* v. *Sevilla Home for Children*, 266 App. Div. 705, 266 App. Div. 760, 290 N. Y. 930; *Matter of Heimroth* v. *Elk Transportation Co.*, 263 App. Div. 917, 288 N. Y. 716; *Callan* v. *State Highway Department*, 293 N. Y. 743; *Matter of Sleight* v. *Harris Structural Steel Co., Inc.*, 267 App. Div. 842, 292 N. Y. 726.)

*John J. Scully* and *Harold S. Van Schaack* for claimants, respondents. I. The order of the Appellate Division entered upon the earlier appeal did not determine the question of

liability. (*Matter of Daus* v. *Gunderman & Sons, Inc.*, 283 N. Y. 459.) II. The award made by the Industrial Board was proper as a matter of fact and law. (*Matter of Culver* v. *Sevilla Home for Children*, 266 App. Div. 705, 290 N. Y. 930; *Matter of Green* v. *Geiger*, 280 N. Y. 610; *Matter of Falk* v. *Midland Dairy Co.*, 273 N. Y. 616.)

*Per Curiam.* The Industrial Board having denied an award for death benefits, the Appellate Division reversed this decision and remitted the matter to the Board for further consideration. The Board thereafter, acting upon a resolution declaring its opinion that the intent of the Appellate Division was " that the case be referred back to the Industrial Board for the purpose of making an award ", granted an award solely upon the assumed direction of the Appellate Division, without any reconsideration of the issues previously determined in favor of the Special Fund for Reopened Cases.

Under these circumstances, we are constrained to reverse the decision of the Appellate Division affirming the award and to remit the matter to the Board for a determination of the issues. (*Matter of Volinsky* v. *Reliable Waste & Rag Co.*, 291 N. Y. 224; *Matter of Daus* v. *Gunderman & Sons, Inc.*, 283 N. Y. 459.)

The order of the Appellate Division and the award of the State Industrial Board should be reversed, with costs in this court and in the Appellate Division against the State Industrial Board, and the matter remitted to the State Industrial Board for determination of the issues.

LEHMAN, Ch. J.; LOUGHRAN, LEWIS, CONWAY, DESMOND, THACHER and DYE, JJ., concur.

Ordered accordingly.