This is an appeal by claimants from a decision of the State Industrial Board disallowing the surviving widow benefits, and also disallowing a claim subsequent to November 2, 1925, on the ground that there is no causal relation between decedent’s injury and subsequent death. This ease has been before this court on prior occasions. (See 263 App. Div. 911; 266 App. Div. 1049; 267 App. Div. 842.) An expert witness for the Special Fund was asked a hypothetical question which he answered. In his cross-examination it developed that his answer was not based on the hypothetical question but on many other matters which he took into consideration. The answer of the expert, therefore, is of no value here. An expert witness should be limited to questions which contain in themselves the facts assumed to be proved and upon which his opinion is based (Cobb v. United Engineering & Contr. Co., 191 N. Y. 475; Christastie V. Elmira Water, Light & Bailroad Co., 202 App. Div. 270). The opinion of the expert to be of any value must rest upon a sound hypothesis and, if it is without support in the evidence, it is without probative force. Decision reversed, with costs against the Workmen’s Compensation Board, and matter remitted for further consideration. All concur- [See post, p. 1082.]