In the Matter of the Claim of ROSE BERGMAN (Widow of WILLIAM BERGMAN), Appellant, against MERGENTHALER LINOTYPE COMPANY et al., Respondents.

WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, December 29, 1948.

*Oliver, Scully & Delaney* for appellant.

*John M. Cullen* for Special Fund for Reopened Cases, respondent.

*Nathaniel L. Goldstein, Attorney-General,* for Workmen's Compensation Board, respondent.

*Per Curiam.* Claimant has appealed from a decision of the Workmen's Compensation Board denying her claim for death benefits as the surviving widow of William E. Bergman, deceased, and also denying a claim for disability subsequently to November 2, 1925.

On February 9, 1925, decedent was employed by Mergenthaler Linotype Company as an erector of linotype machines. It is undisputed that while engaged in his work and while preventing a machine weighing 3,000 pounds from falling he suffered a strain which, according to the attending physician's report, caused "enlargement of heart with severe pain in the precardial area which were angina type. Marked pallor at the time of these attacks and rapid heart action. No pre-existing condition."

On April 26, 1925, the injured man, who had filed a claim for compensation, was examined by Dr. Corning, a heart specialist, and his report stated: "In my opinion, this patient has suffered a severe heart strain as a result of overexertion resulting in enlargement of the heart with some degree of myocardial weakness and irritability, * * *. In addition the patient has suffered since this strain was incurred from definite attacks of angina pectoris."

A hearing was held on May 16, 1925, and an award of compensation was made to claimant for the period from February 10, 1925 to May 12, 1925, and the case continued two months for medical examination.

On September 26, 1925, another hearing was had at which time it was determined that claimant should be examined by a physician on behalf of the insurance carrier.

On December 19, 1925, a third hearing was conducted which resulted in an award in claimant's favor for the period between February 10, 1925, and November 2, 1925, and the case was then closed in view of the fact that claimant had returned to work.

On the application of claimant the case was reopened in January, 1934. He died on October 8, 1934. The death certificate disclosed that the cause of death was "dilation of the heart — duration nine years and one month — congestion of the liver and edema of the lungs."

After the death of her husband his widow filed a claim for compensation against the Special Fund for Reopened Cases under section 25-a. That claim has had a checkered and colorful career. It has been in this court on a number of occasions and once in the Court of Appeals.

The only issue is whether or not the death of decedent was due to the accident of February 9, 1925.

Although claimant produced ample medical testimony that her husband's death was due to the accident her claim was disallowed. On appeal this court (263 App. Div. 911) reversed the decision and remitted the claim for further consideration. Our decision was predicated on the proof that there was " undisputed evidence that decedent was in perfect physical condition prior to February, 1925, when he suffered this accident, and that in May, 1925, when he returned to work, an X-ray disclosed a markedly enlarged heart and a second X-ray taken in 1930 indicated progressive enlargement of the heart. The photographs taken following the autopsy confirmed the X-rays, and indicate a continuity of progression from the injury up to the time of death."

After further consideration the board made an award to the widow which this court affirmed (266 App. Div. 1049). Our decision was reversed by the Court of Appeals (294 N. Y. 204) for the reason that the board apparently misinterpreted our decision and assumed that we directed it to make the award. The Court of Appeals remitted the matter to the board for a determination of the issues.

After reconsidering the issues the board again denied an award on the ground that there was no causal relation between decedent's injury and subsequent death. Upon appeal this court (272 App. Div. 983) reversed the determination and remitted the matter for further consideration. In our memorandum accompanying our decision, we said, *inter alia*: " An expert witness for the Special Fund was asked a hypothetical question which he answered. In his cross-examination it developed that his answer was not based on the hypothetical question but on many other matters which he took into consideration. The answer of the expert, therefore, is of no value here. An expert witness should be limited to questions which contain in themselves the facts assumed to be proved and upon which his opinion is based (*Cobb* v. *United Engineering & Contr. Co.*, 191 N. Y. 475; *Christastie* v. *Elmira Water, Light & Railroad Co.*, 202 App. Div. 270). The opinion of the expert to be of any value must rest upon a sound hypothesis and, if it is without support in the evidence, it is without probative force."

The final hearing was held on December 16, 1947, and the only evidence taken was that of the same expert who testified on behalf of the Special Fund at previous hearings. By stipulation of the parties the identical hypothetical question which was propounded to the doctor at the previous hearing was repeated. After objection it was amended to include the report of Dr. Corning to which we have already referred. The doctor stated that the accident did not cause any permanent effect or defect to decedent's heart.

On cross-examination the doctor was asked the following question and made the following answer: " Q. Doctor, are you assuming that this man had arteriosclerosis in February, 1925? A. Yes, I am assuming that." There is no mention of arteriosclerosis as of February, 1925, in the hypothetical question.

Further quotations from the cross-examination demonstrate that the doctor's answer was not based on the hypothetical question but on other matters which he took into consideration.

An expert witness should be confined to questions which contain in themselves the facts assumed to be proven and upon which his opinion is desired (*Link* v. *Sheldon,* 136 N. Y. 1). He should not be permitted to draw inferences or state conclusions from the testimony of other witnesses. His opinion must be based upon facts which are stated in the form of a hypothetical question and such opinion to be of any value must be based upon facts in evidence and either known to the witness or assumed to be true (*Marx* v. *Ontario Beach H. & A. Co.,* 211 N. Y. 33, 38–39).

There is no evidence in the record that the decedent's heart had returned to normal in May, 1925, or at any time prior to his death.

This case presents an unusual situation. The Special Fund is attempting to sustain the board's decision by evidence which we have heretofore rejected as incredible. It seems to us that the board is motivated by undue solicitude for the Special Fund.

The decision should be reversed, with costs against the Special Fund and the matter should be again remitted for further consideration with permission to the parties to offer any further evidence which they may be advised.

HILL, P. J., HEFFERNAN, FOSTER and RUSSELL, JJ., concur; DEYO, J., dissents, on the grounds that there was evidence to sustain the board's finding with respect to causal relationship. Such finding is conclusive, pursuant to sections 20 and 23 of the Workmen's Compensation Law.

Decision reversed, with costs against the Special Fund and the matter is again remitted for further consideration with permission to the parties to offer any further evidence which they may be advised.