THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDWARD MATHIAS, Appellant. — Judgment rendered on July 10, 1961, convicting the defendant of the crime of murder in the second degree, unanimously reversed on the law and in the exercise of discretion, and a new trial ordered. At the trial the sole issue was whether or not the defendant was legally insane at the time of the commission of the crime. The only expert testimony on this issue was that of the psychiatrist called by the prosecution. The opinion of this witness as to the sanity of the defendant was based in part upon conversations had with other psychiatrists who had not testified at the trial and upon medical records, none of which had been admitted into evidence. Such material may not be considered by an expert witness in forming his opinion (*People* v. *Samuels,* 302 N. Y. 163, 172). The witness also based his opinion in part on his knowledge of the trial record. However, a witness may only base his opinion upon the testimony in the trial record if such testimony is included within a properly presented hypothetical question. (*People* v. *Keough,* 276 N. Y. 141, 145.) In this case, not only did the witness base his opinion upon the trial record — apart from the hypothetical question — but the hypothetical question itself was improper in form. A hypothetical question should be so framed as to enable the expert to tender his opinion based upon the assumption that the facts hypothetically stated to him are true (*People* v. *McElvaine,* 121 N. Y. 250; *Matter of Bergman* v. *Mergenthaler Linotype Co.,* 274 App. Div. 553; *Christastie* v. *Elmira Water, Light & R. R. Co.,* 202 App. Div. 270). In this case the question contained some assumptions of fact which were in conflict with other assumed facts. While it may well be that many of the defects regarding the hypothetical question were cured during the cross and redirect examination of the psychiatrist we are of the opinion that in the circumstances of this case and in the interest of justice, a new trial is required. Concur — Breitel, J. P., Rabin, Stevens, Steuer and Bastow, JJ.

PETER RIBANDO, Respondent, v. AMERICAN CYANAMID COMPANY et al., Defendants, and ROBERT CAMPANELLA, Appellant.— Judgment in favor of plaintiff unanimously reversed on the law, the facts, and in the exercise of discretion, the verdict vacated and a new trial granted, with costs to defendant-appellant unless plaintiff stipulates to accept $5,000 in lieu of the award by verdict as reduced by the court, in which event the judgment is modified to that extent and as thus modified, affirmed, with costs to defendant-appellant. In this action for personal injuries it is evident that an award of damages in excess of $5,000 is not warranted by the record. Settle order on notice. Concur — Botein, P. J., Breitel, Rabin, Steuer and Bastow, JJ.

(Republished.)

In the Matter of the COMMISSION OF INVESTIGATION OF THE STATE OF NEW YORK, Respondent, v. ANGELO DE CRISTOFARO, Appellant.— Order, entered on September 11, 1963, unanimously affirmed. No opinion. The order of this court entered on February 6, 1964 is vacated. Concur — Botein, P. J., Breitel, Valente, McNally and Bastow, JJ. [20 A D 2d 759.]