## MENDOZA v. LEVY.

(Supreme Court, Appellate Division, Second Department.   March 2, 1906.)

TRIAL—DIRECTION OF VERDICT.

>   A case depending on the uncorroborated testimony of plaintiff is for the jury, though such testimony is uncontradicted.

>   [Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trial, §§ 336, 452, 453.]

Appeal from Municipal Court, Borough of Brooklyn, Fourth District.

Action by Henry Mendoza against George Levy.   From a judgment for plaintiff rendered on a verdict directed by the court, defendant appeals.   Reversed.

See 90 N. Y. Supp. 748.

Argued before HIRSCHBERG, P. J., and JENKS, HOOKER, RICH, and MILLER, JJ.

John J. Lindsay, for appellant.
Joseph F. Perdue, for respondent.

JENKS, J.   The action is for money had and received.   The defendant offered no evidence.   The court directed a verdict for the plaintiff, overruling, under exception, the request of the defendant for a submission to the jury.   As the case depends upon the uncorroborated testimony of the plaintiff, the question on this appeal is whether the general rule as stated in Saranac & L. P. R. R. Co. v. Arnold, 167 N. Y. 368, 60 N. E. 647, or that general rule as modified and expressed in Hull v. Littauer, 162 N. Y. 569, 57 N. E. 102, should obtain in this case.   The general rule stated in the first case, supra, is (pages 373, 374 of 167 N. Y., page 648 of 60 N. E.) :

>   "The general rule is that where a witness is interested in the question, although he is not impeached or contradicted, his credibility is a question for the jury and the court is not warranted in directing a verdict upon his testimony alone.   Gildersleeve v. Landon, 73 N. Y. 609 ; Kavanagh v. Wilson, 70 N. Y. 177 ; Elwood v. Western Union Tel. Co., 45 N. Y. 549, 6 Am. Rep. 140 ; 29 Amer. & Eng. Encyclo. of Law (1st Ed.) 774.   The same rule applies to the testimony of two witnesses, both equally interested and testifying to the same facts."

The general rule as modified in the second case, supra, is (page 572 of 162 N. Y., page 102 of 57 N. E.) :

>   "Generally the credibility of a witness, who is a party to the action, and therefore interested in its result, is for the jury ; but this rule, being founded in reason, is not an absolute and inflexible one.   * * *   Where, however, the evidence of a party to the action is not contradicted by direct evidence, nor by any legitimate inferences from the evidence, and it is not opposed to the probabilities, nor, in its nature, surprising or suspicious, there is no reason for denying to it conclusiveness."

We think that the rule of Saranac & L. P. R. R. Co. v. Arnold, supra, applies.   The plaintiff testified that he went to a race track and made five bets with different individuals who were making bets in an inclosure on a horse named Clorita.   He testified that this defendant

97 N.Y.S.—48

accepted his wager at certain odds, and called it out to another person who was writing near by, together with the number of the entrance badge or ticket worn by the plaintiff. On cross-examination he testified that he never made a bet with Oliver Smith on that day, and that he never included Smith in his original complaint. Yet he was confronted with a complaint of such a character. He explains this variance by testifying that he trusted to his former attorneys. He also states that he never knew Smith until he saw him in Judge Martin's court. He testifies that he made a verified complaint against the said Smith and Rose in another action upon another bet because his counsel had told him that Rose and Smith were connected. The transaction he testifies to occurred three years before. He testifies that two others were with him at the time, and yet he does not account for the absence of one of his said companions. He could not recollect "what sort of a looking man was this defendant." He doubted whether he would know him if he saw him. We think that the court could not say that the defendant was not entitled to have the jury pass upon this testimony, in that it was not open to examination by the jury on the ground of its truthfulness or its accuracy, or that there was no ground for suspicion that justified its scrutiny by the triors of fact. At the same time we are far from saying that it would not support a verdict for the plaintiff.

The judgment must be reversed, and a new trial ordered, costs to abide the event. All concur.