HOGAN, MCLAUGHLIN, CRANE and ANDREWS, JJ., concur; CARDOZO and POUND, JJ., dissent.

Order affirmed, etc.

---

ANDREW WAGNER, as Administrator of the Estate of PAUL WAGNER, Deceased, Appellant, *v.* MOTOR TRUCK RENTING CORPORATION, Defendant, HAGERTY MOTOR TRUCKING COMPANY, Appellant, and RODGERS & HAGERTY, INC., Respondent, Impleaded with Another.

**Master and servant — negligence — when building contractor which has contracted with trucking company for trucks to remove excavated material not liable for accident arising from negligent operation of one of said trucks — when trucking company which has hired said truck and driver from third party may be held liable for said accident.**

1. Where a building contractor, desiring to have excavated material removed to a dump, enters into a contract with a trucking company whereby the latter agrees to supply any number of trucks needed, put a representative on the job, draw a certain number of loads a night and remain responsible for the neglect or laziness of its drivers, a judgment dismissing the complaint as to the building contractor,

in an action to recover for the death of plaintiff's intestate occasioned through the negligent driving of one of the trucks, should be affirmed.

2. Where the truck and driver concerned in the accident were hired, with others, by the day, by the trucking company, from a third party who directed its driver to report to the trucking company's representative on the job and it appears that both the building contractor and the trucking company gave directions and supervised the use of the trucks and that the latter supplied gasoline and oil and made repairs in case of accident, a jury may be authorized in finding that, at the time of the accident, the trucking company was responsible for the torts of the driver of said truck especially where on the trial it was assumed that responsibility rested either on it or on the building contractor and no request was made that the jury might find neither responsible on the ground that responsibility rested on the general employer. (*Braxton* v. *Mendelson*, 233 N. Y. 122, distinguished.)

*Wagner* v. *Motor Truck Renting Corp.*, 197 App. Div. 371, affirmed.

(Argued May 11, 1922; decided July 12, 1922.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered August 12, 1921, affirming a judgment entered upon a dismissal of the complaint by the court at a Trial Term in so far as it applied to defendant Rodgers & Hagerty, Incorporated, and reversing said judgment and granting a new trial as to defendant Hagerty Motor Trucking Company.

*George F. Hickey* for plaintiff, appellant. The undisputed evidence shows that the chauffeur was in the employ of defendant Rodgers & Hagerty, Inc., at the time of the accident, and that he was then performing work incidental to the business of said defendant. (*Hartell* v. *Simonson*, 218 N. Y. 345; *Schmedes* v. *Deffaa*, 214 N. Y. 675; *Braxton* v. *Mendelson*, 233 N. Y. 122; *Charles* v. *Barrett*, 233 N. Y. 127; *Finegan* v. *Piercy Con. Co.*, 189 App. Div. 702; *Stapleton* v. *Butensky*, 188 App. Div. 245; *DePerri* v. *Motor Haulage Co.*, 185 App. Div. 384; *Carr* v. *Burke*, 183 App. Div. 361; *Flynn* v. *Yonkers Ry. Co.*, 177 App. Div. 901.) The distinction is plain between

such an arrangement as was made in the case at bar and one whereby a driver in the employ of a liveryman or taxicab company is sent out upon a special occasion or whenever required. (*Matter of Dale* v. *Saunders*, 218 N. Y. 59.)

*Louis Cohn* for defendant, appellant. The Appellate Division erred in reversing the finding of the jury that the chauffeur, at the time of the accident, was engaged in the work of and under the control of Rodgers & Hagerty, Inc., and holding, as a matter of law, that he was dong the work of this appellant. (*Braxton* v. *Mendelson*, 233 N. Y. 122; *Charles* v. *Barrett*, 233 N. Y. 127; *Hartell* v. *Simonson*, 218 N. Y. 345; *Schmedes* v. *Deffaa*, 214 N. Y. 675; *DePerri* v. *Motor Haulage Co.*, 185 App. Div. 384; *Carr* v. *Burke*, 183 App. Div. 361.)

*Walter L. Glenney* and *Bertrand L. Pettigrew* for respondent. The chauffeur of the truck which killed plaintiff's intestate was not in the employ of the respondent Rodgers & Hagerty, Inc., or under its control at the time of the accident. (*Charles* v. *Barrett*, 233 N. Y. 127; *Meade* v. *Motor Haulage Co.*, 233 N. Y. 527; *Schmedes* v. *Deffaa*, 153 App. Div. 819; 214 N. Y. 675; *McNamara* v. *Leipzig*, 227 N. Y. 291; *Matter of Schweitzer* v. *Thompson & Norris Co.*, 229 N. Y. 97; *Norwegian News Co.* v. *Simkowitz*, 182 N. Y. Supp. 595.)

ANDREWS, J. Rodgers & Hagerty, Incorporated, had a subcontract which required it to do certain excavation work in Brooklyn. As an incident it was required to remove the dirt excavated to dumps some thirty blocks away. It had the necessary steam shovels and other tools but only some thirty-five trucks. Many more would be required. Therefore, on May 20th, 1918, it entered into a contract in writing with the Hagerty

3

Motor Trucking Company, a concern engaged in the trucking business, for the purpose of securing them. It had made inquiries of the latter company " regarding the hiring of five ton motor trucks." It received an answer quoting a price of thirty dollars a day and in which the Hagerty Motor Trucking Company agreed to supply any number at that rate in good working condition, and to place a field office on the job with a representative to take charge of its needs. This offer was accepted. It then became necessary for the Motor Trucking Company itself to obtain trucks from others. Some of these came from another trucking company, the Motor Truck Renting Corporation, at a price fixed at $27.50 a day. The drivers of the trucks so obtained were in the general employment of the latter corporation. It was one of its trucks which caused the accident in question. At the time it was returning to the excavation having delivered a load at the dump. The negligence of the driver is not questioned. Nor is there any claim made that the deceased was guilty of contributory negligence. Upon a first trial the complaint was dismissed as to the Motor Truck Renting Corporation. From this action no appeal was taken. It was also dismissed as to the Hagerty Motor Trucking Company; but a verdict was obtained against Rodgers & Hagerty, Incorporated. Upon an appeal the judgment against the latter was reversed as was also the judgment in favor of the Hagerty Motor Trucking Company, and a new trial was directed. Upon a new trial a verdict was again found against Rodgers & Hagerty, Incorporated, and in favor of the Hagerty Motor Trucking Company. The trial judge set aside the verdict in favor of the plaintiff and dismissed the complaint. The Appellate Division has unanimously affirmed this action as to Rodgers & Hagerty, Incorporated; but has reversed the judgment in favor of the Hagerty Motor Trucking Company and as to it has ordered a new trial. Obtaining permission to do so the plaintiff

now appeals to this court. The Hagerty Motor Trucking Company also appeals and gives the required stipulation.

" Was the servant whose negligence injured a third party performing work for his master within the scope of his employment or was he loaned by his master to another to do the latter's business? " (*Braxton* v. *Mendelson*, 233 N. Y. 122., 123)

"As long as the employee is furthering the business of his general employer by the service rendered to another, there will be no inference of a new relation unless command has been surrendered, and no inference of its surrender from the mere fact of its division." (*Charles* v. *Barrett*, 233 N. Y. 127, 129.)

Concededly Rodgers & Hagerty was not here the general employer. It was engaged in a building contract. It applies to a trucking concern for trucks. In furnishing them the Hagerty Motor Trucking Company was engaged in its own peculiar line of work. The contract between the two corporations consisted of an offer contained in a letter and its acceptance. The offer speaks of hiring five-ton trucks. It says that the writer will supply any number needed and put a representative on the job. The answer is that the proposal for " furnishing " auto trucks is accepted. Evidently here is no formal contract complete in itself which enables us definitely to fix the relationship of the parties. While there is no statement that the Hagerty Motor Trucking Company contracts itself to remove the material, the placing of a representative on the job is more or less inconsistent with the idea that the purpose the parties had in mind was the renting of the trucks and the abandonment of all control over them by their owner. The agreement that ten loads a night should be drawn and that the Motor Trucking Company should remain responsible for the neglect or laziness of its drivers is also inconsistent with that idea. The whole course of the proceedings tends to show at

most a division of command. As this is so, the judgment in so far as it affects Rodgers & Hagerty should be affirmed.

So should the judgment as regards the Hagerty Motor Trucking Company. For its own purposes, in pursuance of its need of trucks to carry on its business of trucking, it obtained the vehicle in question from another trucking corporation. The complaint alleges that this truck owned by the Motor Truck Renting Corporation (and perhaps the very name is significant), operated by one Delehanty in its general employ, " was hired by the day by virtue of a contract between the above named defendants to the defendant the Hagerty Motor Trucking Company," and this is admitted by the latter corporation in its answer. With Rodgers & Hagerty the Motor Truck Renting Corporation had no relations. Its compensation came from its lessee. And for the truck and its driver it received $27.50 a day while for the work it did the Hagerty Motor Trucking Company received $30. The driver was told to report to Mr. Fogarty who represented on the job the Hagerty Motor Trucking Company. Other instructions seem to have been received by him from the representatives of Rodgers & Hagerty, Incorporated. The Hagerty Motor Trucking Company people could lay him off from the job but could not discharge him. Rodgers & Hagerty, Incorporated, laid out the route which the trucks were to follow. And they also could lay off the men. They also directed the men to the particular dump where they were to deliver their load. Both Rodgers & Hagerty, Incorporated, and the Hagerty Motor Trucking company had so-called chasers whose duty it was to go up and down the line followed by the trucks and seeing that they were faithfully performing their work. The trucks were supposed to make ten trips a night and if they did not do so were docked. Gasoline and oil was supplied by the Motor Truck Renting Corporation and it made repairs in case of accident.

The contract between the two corporations is not described with particularity. Mr. Melish, the president of the Motor Truck Renting Corporation, says that he had an agreement to haul dirt from the army base to the dump down by the shore road, so many loads a day for $27.50. But a few lines later he says that the Hagerty Motor Trucking Company agreed to hire two trucks at the beginning and that eventually there were four trucks hired. Mr. Fogarty, the representative of the Hagerty Motor Trucking Company, says that the particular truck causing the accident was hired by him from the Auto Truck Renting Company.

In this condition of the record we think the jury might be authorized to find that the Hagerty Motor Trucking Company was at the time of the accident responsible for the torts of the driver of this truck. Indeed on the trial it seems to have been assumed that responsibility rested either on it or on Rodgers & Hagerty. Its counsel moved to dismiss the complaint at the close because " the chauffeur Delehanty, who was in the general employ of the Motor Truck Renting Corporation, was in no way acting for or on behalf or in the prosecution of the work of the Hagerty Motor Trucking Company, was not under its control but was solely and exclusively under the control of Rodgers & Hagerty." In his charge, without objection, the court said that if the plaintiff was entitled to a verdict, then the jury must decide whether Rodgers & Hagerty or the Hagerty Motor Trucking Company was liable. " In other words, at the time this accident happened was Delehanty working for the trucking company or was he working for Rodgers & Hagerty." No request was made that the jury might find neither defendant liable on the ground that the responsibility rested on the general employer. Nor in the brief submitted to us by the Hagerty Motor Trucking Company is any claim advanced that it should be relieved at the expense of the Motor Truck Renting Corporation. Con-

ceding that either it or Rodgers & Hagerty are responsible it is entirely devoted to the assertion of the claim that liability rests on the latter.

The judgment of the Appellate Division should be affirmed, with costs in favor of Rodgers & Hagerty, Incorporated, against the plaintiff, and the order of the Appellate Division in favor of plaintiff against Hagerty Motor Trucking Company affirmed, and judgment absolute directed on the stipulation in favor of the plaintiff against the Hagerty Motor Trucking Company, with costs in all courts.

M<small>c</small>L<small>AUGHLIN</small>, J. (dissenting). On the 6th of June, 1918 plaintiff's intestate was run over by an auto truck and sustained injuries which resulted in his death. Thereafter this action was brought on the ground that his death was due to the negligence of the defendants. There have been two trials. At the first, at the close of the evidence, the complaint was dismissed as to the Motor Truck Renting Corporation and Hagerty Motor Trucking Company, and submitted to the jury as to Rodgers & Hagerty. A verdict was rendered against it for a substantial amount. It appealed to the Appellate Division. Plaintiff also appealed from the judgment dismissing the complaint as to the Hagerty Motor Trucking Company, but did not appeal from the judgment dismissing the complaint as to the Motor Truck Renting Corporation. The Appellate Division reversed both judgments and directed a new trial. The second trial resulted in a verdict against Rodgers & Hagerty and in favor of the Hagerty Motor Trucking Company. The verdict against Rodgers & Hagerty was set aside by the trial court and the complaint dismissed. An appeal was taken by the plaintiff to the Appellate Division, which unanimously affirmed the dismissal of the complaint as to Rodgers & Hagerty, but reversed the judgment in favor of the Hagerty Motor Trucking Company and directed

a new trial. By permission, the plaintiff appeals to this court from the order of the Appellate Division affirming the judgment of the trial court dismissing the complaint as to Rodgers & Hagerty. The Hagerty Motor Trucking Company also appeals from the order of the Appellate Division reversing the judgment in its favor, giving the usual stipulation for judgment absolute.

The facts are substantially as follows: The Turner Construction Company had a contract with the United States government for the erection of an army supply base in the borough of Brooklyn. It sublet to Rodgers & Hagerty the excavation work. Rodgers & Hagerty had a contract with the Hagerty Motor Trucking Company to furnish the trucks necessary to remove the material excavated, for which it paid $30 per day of ten hours. During the progress of the work a larger number of motor trucks was required than the Hagerty Motor Trucking Company had. It, therefore, had to go into the market and hire other trucks, and among which it hired several from the Motor Truck Renting Corporation. It was one of its trucks, operated by a chauffeur by the name of Delehanty, which ran over plaintiff's intestate. It is not claimed but what Delehanty's negligence was the sole cause of the accident.

The question presented, therefore, is who is responsible for his negligent act. The answer depends upon whose servant he was at the time. I am of the opinion that he was the servant of the Motor Truck Renting Corporation. It owned the truck and was the general employer of Delehanty. It paid, and alone could discharge him. It was doing a general trucking business and at the time of the accident he was furthering its business, and the fact that the work he was doing was for Rodgers & Hagerty did not change that relation. Under the arrangement which it had with the Hagerty Motor Trucking Company it was to receive for each truck $27.50 per day of ten hours. The price thus paid included chauffeur,

gasoline, maintenance and upkeep. The only direction received by the Motor Truck Renting Corporation from the Hagerty Motor Trucking Company was to have their trucks report at a certain gate, where the excavation was being made. The chauffeur of a truck on reaching the place designated, would be furnished by a representative of Rodgers & Hagerty, with a badge on which appeared " R. & H., Inc.," a truck number, which was attached to the radiator of the truck, directions as to the route, and the disposition of the load. Without the badge and number the truck could not be loaded. Delehanty was furnished with such badge and number, and after the truck was loaded, was directed where to take it. It does not appear that the Hagerty Motor Trucking Company had any authority over trucks or chauffeurs obtained from the Motor Truck Renting Corporation, except if unsatisfactory it could remove them from that work. Rodgers & Hagerty could also, for a similar reason, remove them from the work. The Motor Truck Renting Corporation was paid by Rodgers & Hagerty's checks, drawn to its order, but delivered to it by the Hagerty Motor Trucking Company. All that the Hagerty Motor Trucking Company did, so far as the truck driven by Delehanty was concerned, was to hire the truck, tell the Motor Truck Renting Corporation where to have the chauffeur report, and see that it was paid the price agreed upon. The truck, at the time of the accident, was doing no work for the Hagerty Motor Trucking Company other than enabling it to carry out the contract to furnish necessary trucks for Rodgers & Hagerty. Under such circumstances, it seems to me that the general employer, and it alone, is responsible for the negligence of Delehanty.

I am well aware that the authorities on this subject, especially in this state, are somewhat in conflict. This court, recognizing that fact, recently undertook to harmonize them by stating a general rule to be applied: " That as long as the employee is furthering the business

of his general employer by the service rendered to another, there will be no inference of a new relation, unless command has been surrendered, and no inference of its surrender from the mere fact of its division." (*Charles* v. *Barrett*, 233 N. Y. 127; *Meade* v. *Motor Haulage Co., Inc.*, 233 N. Y. 527.) Applying this rule it seems to me the conclusion stated necessarily follows. (See, also, *McNamara* v. *Leipzig*, 227 N. Y. 291; *Matter of Schweitzer* v. *Thompson & Norris Co.*, 229 N. Y. 97.)

*Braxton* v. *Mendelson* (233 N. Y. 122) does not lay down a different rule, nor do I think it an authority for holding that the Hagerty Motor Trucking Company is liable in the present case. There was an agreement in that case between a milk company and the defendant, engaged in the trucking business, by which the latter contracted to do all the trucking for the milk company. It was to furnish the trucks, chauffeurs, gasoline, and protect goods in transit, do the loading and be liable for the shortage of all goods and breakage; in other words, the defendant assumed entire charge of the milk company's trucking, and for that purpose was an independent contractor. In the present case, the Hagerty Motor Trucking Company did not agree to do any work. Its agreement was to furnish trucks at a stipulated price.

I am of the opinion that the order of the Appellate Division affirming the judgment dismissing the complaint as to Rodgers & Hagerty should be affirmed, with costs, and the order of the Appellate Division reversing the judgment dismissing the complaint as to the Hagerty Motor Trucking Company should be reversed and the judgment of the Trial Term affirmed, with costs.

HISCOCK, Ch. J., HOGAN, POUND and CRANE, JJ., concur with ANDREWS, J.; McLAUGHLIN, J., reads dissenting opinion in which CARDOZO, J., concurs.

Judgment accordingly.