THOMAS HANRAHAN, JR., an Infant, by THOMAS HAN-
RAHAN, SR., His Guardian ad Litem, Respondent, *v.*
THE NEW YORK EDISON COMPANY, Appellant.

**Negligence — impeachment. of witness — evidence — when
driver of automobile called as witness for plaintiff testified
that he was driving the automobile as an employee of defendant
but afterward testified, when called as a witness for defendant,
that he did not collide with plaintiff on the night in question
and that he was not an employee of defendant at that time,
plaintiff cannot impeach him as a witness — when agent has
no authority to bind defendant by admissions — when such
errors cannot be disregarded under section 106 of Civil Practice
Act.**

1. While riding upon a bicycle plaintiff was struck by a delivery
car negligently driven, as plaintiff claims, by an employee of defendant,
an electric light company. Upon the trial the driver, first called as
a witness by plaintiff, testified that, at the time of the accident, he
was driving a commercial automobile under the direction of defend-
ant's inspector, over a certain route for the purpose of replacing electric
lights wherever they were out. When afterward called as a witness
for defendant he testified that he did not have an accident, a collision
with the plaintiff herein, on the night in question and also that he
was employed and paid by a third party, not by the defendant. On
cross-examination this witness was allowed, over defendant's objec-
tion, to testify that he had been convicted in the Court of Special
Sessions of the crime of striking plaintiff with his automobile and
going away from the scene of the accident without reporting it. This
was error. Plaintiff had called the driver as his witness and was
thereby precluded from impeaching his credit by general evidence of
bad character, although defendant afterwards called him as its witness
on another branch of the case.

2. Subsequently, and as part of his principal case, plaintiff called a
probation officer who testified, over objection and exception, that he
asked the superintendent of defendant whether the driver of the
automobile was in the employ of the defendant at the time of the
accident and that he said that such driver had been in the employ
of the defendant for about two years. This statement was made in
a casual conversation and while the witness was " investigating " the
driver. This was erroneous; the superintendent's admissions, if made,

were competent only as they were made concerning and while engaged in a transaction in which he was the authorized agent of the defendant.

. 3. Although these rulings were erroneous, they may be disregarded under section 106 of the Civil Practice Act if the substantial rights of the defendant were not affected. But defendant had a substantial right to require plaintiff to make out his case, *first,* by evidence sufficient to take the case to the jury, and, *second,* by a fair preponderance of legal evidence. But the errors in question were more than formal irregularities. It cannot be said that substantial justice was done when the case was sent to the jury.

*Hanrahan* v. *New York Edison Co.,* 207 App. Div. 852, reversed.

(Argued April 8, 1924; decided May 13, 1924.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 15, 1923, modifying and affirming as modified a judgment in favor of plaintiff entered upon a verdict.

*James J. Mahoney* and *George J. Stacy* for appellant. Cornelius Gleason was not a servant nor an agent employed by or acting in the business of defendant, but was the agent of an independent contractor or himself an independent sub-contractor, and the trial court erred in charging and refusing requests to charge as though he were employed by defendant. (*Wagner* v. *M. T. Renting Corp.,* 234 N. Y. 31; *Charles* v. *Barrett,* 233 N. Y. 127; *Matter of Schweitzer* v. *Thompson & Norris Co.,* 229 N. Y. 97: *McNamara* v. *Leipzig,* 227 N. Y. 291; *Schmedes* v. *Deffaa,* 214 N. Y. 675; *Kellogg* v. *C. C. Foundation,* 203 N. Y. 191; *Standard Oil Co.* v. *Anderson,* 212 U. S. 215.) Cornelius Gleason should not have been asked if he had been convicted of a certain crime. (*Steinert* v. *Sobey,* 14 App. Div. 505; *See* v. *Wormser,* 129 App. Div. 596.) Defendant's employee, Chisholm, could not and did not bind defendant by admissions plaintiff claims he made, and it was error to permit Probation Officer Mullens to testify thereto. (*Cobb* v. *United Engineering Co.,* 191 N. Y. 475; *Anderson* v. *R., W. & O. R. R. Co.,* 54 N. Y.

334; *State Bank* v. *Brocton,* 208 N. Y. 492; *M. L. Ins. Co.* v. *F. S. S. & G. S. F. R. R. Co.,* 139 N. Y. 146; *Shaw* v. *Rothschild Realty Co.,* 164 App. Div. 196.)

*Benjamin W. Moore, Leonard F. Fish* and *Thomas J. O'Neill* for respondent. Gleason was defendant's employee and the defendant is responsible for his negligence. (*Standard Oil Co.* v. *Anderson,* 212 U. S. 215; *Schmedes* v. *Deffaa,* 214 N. Y. 675; *Hartel* v. *Simonson,* 218 N. Y. 345; *Howard* v. *Ludwig,* 171 N. Y. 507; *Baldwin* v. *Abraham,* 57 App. Div. 67; 171 N. Y. 677; *Murray* v. *Dwight,* 161 N. Y. 301; *Higgins* v. *Telephone Co.,* 166 N. Y. 165; *Willie* v. *Palmer,* 137 N. Y. 248; *Muldoon* v. *Fireproof Co.,* 134 App. Div. 453.) No error was committed upon the trial; and, if error was committed, it was clearly harmless. (*Post* v. *B. H. R. R. Co.,* 195 N. Y. 62; *Hyde* v. *N. Y. C. R. R. Co.,* 225 N. Y. 680.)

POUND, J. Plaintiff sued to recover damages for personal injuries sustained by him. While riding on a bicycle he was struck by a Ford delivery car negligently driven. Plaintiff's theory of the case was that the car which hit him was driven by Cornelius Gleason and that Gleason was at the time of the accident an employee of defendant, acting in defendant's business. Gleason denied that the accident occurred. Defendant took the position that in any event Gleason was an employee of an independent contractor for whose acts it was not liable. (*Wagner* v. *Motor Truck Renting Corp.,* 234 N. Y. 31.)

The verdict of the jury was for plaintiff. On appeal the Appellate Division reduced the judgment entered thereon, and unanimously affirmed the judgment as modified. The unanimous decision of the Appellate Division that there was evidence supporting the verdict precludes this court from considering the points chiefly urged on the appeal, that the negligence of the defendant was not established by the evidence, and that it was error to

submit the question to the jury. (N. Y. Const. art. 6, § 9.)

Two rulings of the trial court, of sufficient importance to call for consideration, do, however, survive unanimous affirmance. We are permitted to read the evidence to determine whether, if the rulings are erroneous, they amount to substantial error. *First,* Cornelius Gleason, first called by the plaintiff, testified that on the night of the accident he was driving a commercial Ford automobile; that he had in the car one Purtle, an inspector for the defendant, and that he drove the car under Purtle's direction over a certain route for the purpose of replacing electric lights wherever they were out. Gleason was afterwards called as a witness for defendant and testified that he did not have an accident — a collision with a boy on a bicycle — on the night in question. He also testified that he was employed and paid by one Cotter and not by the defendant; that Cotter paid him six dollars the night for himself and car to take the defendant's inspector over his route.

On cross-examination by plaintiff the witness was allowed over defendant's general objection to testify that he had been convicted in the Court of Special Sessions of the crime of striking plaintiff with his automobile and going away from the scene of the accident without reporting it, as required by law.

Gleason had given material and damaging evidence against plaintiff and the evidence of his conviction tended to impair his credibility. It was competent for that purpose and for no other purpose. But " it is fair to judge a party by his own witness. If a party puts upon the stand a witness who is for any reason assailable, that party asserts or admits the credibility of that witness." (FOLGER, J., in *Pollock* v. *Pollock,* 71 N. Y. 137, 152.) Plaintiff called Gleason as his witness. He was thereby precluded from impeaching his credit by general evidence of bad character although defendant afterwards called

him as its witness on another branch of the case. The
party who first calls a witness cannot be allowed to say
or show that he was unworthy of credit by impeaching
his general credibility when he is afterwards called by
the other side. This is an ancient rule in New York
(*Jackson* v. *Varick,* 7 Cow. 238, 242; affd., 2 Wend. 166,
205) and has recently been reiterated by this court.
" He (plaintiff) first called Graham as a witness and relied
on him to give substantial evidence necessary to establish
his cause of action. By doing this he in effect vouched
for his reliability and credibility, and thereafter, even
though he was called by the other side, he could not give
evidence to impeach him." (HISCOCK, J., in *Carlisle*
v. *Norris,* 215 N. Y. 400, 409.) While it may be urged
with some degree of force that a party does not by calling
a witness upon one point vouch for him on every point
without knowing what he may say when the adverse
party calls him, it logically follows that one should not
be permitted to say in one breath, " the witness speaks
truthfully for me and, by reason of his bad character,
is not to be believed when he testifies against me."

*Secondly,* plaintiff, as a part of his principal case,
called Mullins, a probation officer, who testified, over
proper objection and exception, that he asked one
Chisholm, the superintendent of defendant, whether
Gleason was in the employ of the defendant at the
time of the accident and Chisholm said that Gleason had
been in the employ of defendant for about two years.
This statement, he said, was made in a casual conversa-
tion while Mullins was " investigating " Gleason. Chis-
holm's admissions were competent only as they were
made concerning and while engaged in a transaction in
which he was the authorized agent of the corporation.
They were no part of the transaction in suit, which was
plaintiff's accident. He did not in any sense represent
the corporation in giving information to the probation
officer as to the history of Gleason. No real or apparent

authority to give such information was shown. The declaration of an agent of a corporation is not evidence against his principal, except when made in the course of his agency or in the discharge of his official duties. (*Cobb v. United Engineering & C. Co.*, 191 N. Y. 475, 480.) Chisholm, when called as a witness by the defense, not only denied that he made the statement to Mullins but also testified that Gleason was not in the employ of the defendant at the time of the accident, but was in the employ of Cotter. The question whose employee Gleason was goes to the heart of this controversy.

These rulings were erroneous but we are admonished by the Civil Practice Act, section 106, and it is our practice, to disregard an error in a ruling of the trial court if a substantial right of a party is not affected. Defendant had a substantial right to require plaintiff to make out his case, *first*, by evidence sufficient to take the case to the jury, and *secondly*, by a fair preponderance of legal evidence. Substantial justice, which is the practical end to be sought for, would not otherwise result. We should get down to the merits of the case and ignore mere technical error. But these errors were more than formal irregularities. The issues were sharply litigated. By incompetent evidence, Gleason was shown unworthy of belief when he swore that he did not collide with plaintiff on the night of the accident and that he was not in the employ of defendant. By incompetent evidence, defendant's liability as the employer of Gleason was in part, at least, established.

Plaintiff's evidence as to whose employee Gleason was was largely circumstantial. The sufficiency and weight of such evidence depended largely on the elimination of the direct evidence of defendant's interested witnesses as to the nature of such employment. The plaintiff's case was not so clearly made out without the improper evidence that it can be said that defendant's liability was established by a fair preponderance of the remaining evidence. It

cannot be said with assurance that substantial justice was done when the case was sent to the jury.

The judgment should be reversed and a new trial granted, with costs to abide the event.

Hiscock, Ch. J., Cardozo, McLaughlin, Crane, Andrews and Lehman, JJ., concur.

Judgments reversed, etc.