In the Matter of Proving the Will of FRANK SANTRUCEK, Deceased.

ANTONIE SANTRUCEK, Appellant; MARY KOPEJZNA Respondent.

**Will — denial of probate upon ground of influence — Court of Appeals may look into evidence even after unanimous affirmance by Appellate Division to ascertain whether errors in the charge are harmless or substantial — charge of surrogate upon question of undue influence erroneous.**

1. While the Court of Appeals is not at liberty to reverse for failure of proof a decree which the Appellate Division has unanimously affirmed (Const. art. VI, § 9), it may still look into the evidence to

help to a conclusion whether errors in the charge are harmless or substantial.

2. The testator left his entire estate to his wife, whom he had married a few days before the date of the will. A daughter by a first marriage contests the will. The surrogate submitted to the jury two questions: (1) Whether the testator was of sound mind and memory and capable of making a will; and (2) whether the execution of the will was obtained by undue influence. Both questions were answered yes. Upon the single ground of undue influence, probate was denied. *Held,* that it was error to charge, *first,* " That in determining the question of undue influence fraud, coercion and duress, the mental strength of the one spouse and the weakness of the other may be considered by the jury as having some direct relation to a subsequent testamentary act on the part of the weaker spouse;" *second,* that " the failure to adequately explain a change of the testator's intention towards his children after his marriage with the proponent is a fact which may be considered by the jury in reaching a determination;" *third,* that " when the character of the persons acting as attesting witnesses is implicated by any circumstances connecting them with the sole beneficiary, their act of witnessing is necessarily somewhat affected, and their bias is then to be taken into account;" *fourth,* " that the short lapse of time between the marriage and the making of the will, and the short lapse of time between the marriage and the transfer of the bank account, its withdrawal and the change in the beneficiary in the life insurance, are facts which the jury may consider in determining whether these acts were part of a scheme to exercise undue influence and the use of fraud, coercion or duress to improperly obtain possession of the estate of the decedent;" *fifth,* that " in proportion as the infirmities of the testator expose him to deception, it becomes imperatively the duty and should be anxiously the care of all persons assisting in the testamentary transaction, to be prepared with the clearest proof that no imposition has been practiced, but that the testator in fact fully understood every portion of the paper which he executed as his will;" *sixth,* that if " a single ground for suspicion exist in a probate cause, the proof must be clear in order to establish a will."

3. Any one of these errors might perhaps be disregarded if it stood alone. Possibly all might be disregarded in a case where the verdict was well supported by the facts. They cannot be held negligible upon the record now before the court.

*Matter of Santrucek,* 207 App. Div. 859, reversed.

(Argued September 30, 1924; decided November 25, 1924.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered November 8, 1923, which unanimously affirmed a decree of the Queens County Surrogate's Court denying probate of a paper propounded as the last will and testament of Frank Santrucek, deceased.

O. H. Droege for appellant. The decree of the Surrogate's Court should be reversed for errors that occurred at the trial. (Wilcox Silver Plate Co. v. Green, 72 N. Y. 17; Matter of Kindberg, 207 N. Y. 220; McKeon v. Van Slyck, 223 N. Y. 392; Winston v. Winston, 165 N. Y. 553; Birmingham R. R. Co. v. Martin, 148 Ala. 8; Buchanan v. Belsey, 65 App. Div. 58; Delafield v. Parish, 25 N. Y. 9; Horn v. Pullman, 72 N. Y. 269.)

Louis Hess and W. A. McLaughlin for respondent. There were no errors in the charge of the court which justify a reversal of the unanimous affirmance of the Appellate Division. (Matter of Jones, 199 App. Div. 426; Rollwagen v. Rollwagen, 63 N. Y. 504.)

CARDOZO, J. The testator, Frank Santrucek, died in June, 1922, aged sixty-four or sixty-five years. By his will, dated April 5, 1922, he left his entire estate (about $9,600 in value) to his wife, whom he had married a few days before, March 30, 1922. A daughter by a first marriage, with whom till then he had made his home, resented the new union. On April 3, 1922, she gave notice to the savings bank where her father's earnings had been deposited to the credit of a joint account that payment must be stopped. She now contests the will which was executed two days later. Another daughter and a son did not join in the contest. All three children are of full age and married.

The proceeding for probate was tried by the surrogate and a jury. The surrogate submitted to the jury two

questions: (1) Whether the testator was of sound mind and memory and capable of making a will; and (2) whether the execution of the will was obtained by undue influence. Both questions were answered yes. Upon the single ground of undue influence, probate was denied.

We are not at liberty to reverse for failure of proof the decree which the Appellate Division has unanimously affirmed (Const. art. VI, § 9). We may still look into the evidence, however, to help us to a conclusion whether errors in the charge are harmless or substantial (*Hanrahan* v. *N. Y. Edison Co.*, 238 N. Y. 194, 197). If we find no evidence whatever that undue influence was exerted, we shall more easily believe that misleading instructions did actually mislead.

The contestant submitted a series of requests to charge which the surrogate adopted. Some of them assumed facts as established which were either unproved or at best disputed. Others magnified unduly the persuasive force of the evidence to be exacted of the proponent before the will could be sustained. In some, excerpts from text books and opinions, accurate enough as an expression of the judgment of the authors upon a concrete situation, were put before the jury as if they embodied rules of law. In others, circumstances and events that were innocent or indifferent were rehearsed to the jury as permitting an inference of guilt. Lights and shadows were so adjusted that the picture was unreal.

We think it was error to charge that " in determining the question of undue influence fraud, coercion and duress, the mental strength of the one spouse and the weakness of the other may be considered by the jury as having some direct relation to a subsequent testamentary act on the part of the weaker spouse." Inequality is here assumed as if it were a conceded fact.

We think it was error to charge that " the failure to adequately explain a change of the testator's intentions towards his children after his marriage with the proponent

is a fact which may be considered by the jury in reaching a determination." Again there is a false assumption.

We think it was error to charge that " when the character of the persons acting as attesting witnesses is implicated by any circumstances connecting them with the sole beneficiary, their act of witnessing is necessarily somewhat affected, and their bias is then to be taken into account." An inference of interest or bias may be possible. It is certainly not " necessary."

We think it was error to charge: " That the short lapse of time between the marriage and the making of the will, and the short lapse of time between the marriage and the transfer of the bank account, its withdrawal and the change in beneficiary in the life insurance, are facts which the jury may consider in determining whether these acts were part of a scheme to exercise undue influence and the use of fraud, coercion or duress to improperly obtain possession of the estate of the decedent." These facts had no tendency without more to establish undue influence. We cannot find that more was proved. A man does what is natural and reasonable when he makes provision for his wife.

We think it was error to charge (in the words of Jarman's treatise, 1 Jarman on Wills, 29; *Rollwagen* v. *Rollwagen*, 63 N. Y. 504, 518) that " in proportion as the infirmities of the testator expose him to deception, it becomes imperatively the duty and should be anxiously the care of all persons assisting in the testamentary transaction, to be prepared with the clearest proof that no imposition has been practised, but that the testator in fact fully understood every portion of the paper which he executed as his will." This is an admonition of prudence. It is not a rule of law.

We think it was error to charge that if " a single ground for suspicion exist in a probate cause, the proof must be clear in order to establish a will." Such statements may, indeed, be found in the reports. Put before the **jury**

64 People ex rel. N. Y. & A. L. Co. v. Cantor.

[239 N. Y. 64]             Statement of case.             [Nov.,

as rules of law, they have a tendency to mislead, since they seem to substitute a requirement of proof beyond suspicion for the requirement of proof by a preponderance of evidence. (*McKeon* v. *Van Slyck,* 223 N. Y. 392; *Caldwell* v. *Lucas,* 233 N. Y. 248, 254).

Any one of these errors might perhaps be disregarded if it stood alone. Possibly all might be disregarded in a case where the verdict was well supported by the facts. We cannot hold them negligible upon the record now before us.

The judgment of the Appellate Division and the decree of the Surrogate's Court should be reversed, and a new trial granted, with costs to abide the event.

POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur; HISCOCK, Ch. J., concurs in result.

Judgment reversed, etc.