LOUISA D'AURIO et al., as Administrators of the Estate of NICHOLAS D'AURIO, Deceased, Respondents, v. LONG ISLAND RAILROAD COMPANY, Defendant, and NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY, Appellant.

Negligence — railroads — appeal — Court of Appeals may look into evidence to determine whether errors are substantial — operation of locomotive backward not negligence — erroneous refusal to charge — when error not made unsubstantial by form of special verdict.

1. The Court of Appeals is not at liberty to reverse for failure of proof a judgment which the Appellate Division has unanimously affirmed (Const. art. VI, § 9), but may still look into the evidence to help to a conclusion whether errors in the charge are harmless or substantial.

2. The operation of a locomotive backward is not negligence and, in an action for the death of a trackwalker, through his being struck by a locomotive, so operated, it is error to refuse to so charge. The jury should be told that there is nothing in the direction of the movement to charge the defendant with fault.

16

3. Such an error is not made unsubstantial by the form of a special verdict to the effect that the negligent act was "backing engine without proper precautions."

D'Aurio v. Long Island R. R. Co., 211 App. Div. 865, reversed.

(Argued April 3, 1925; decided May 5, 1925.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered December 30, 1924, unanimously affirming a judgment in favor of plaintiffs entered upon a verdict.

*James W. Carpenter, Madison G. Gonterman* and *John M. Gibbons* for appellant. No negligence could be predicated on appellant's operation of the engine in question backward and it was error for the court to refuse to so charge. (*S. P. R. R. Co. v. Berkshire*, 254 U. S. 415; *G. N. R. R. Co. v. Wiles*, 240 U. S. 444; *Appell v. B. N. Y. Co.*, 111 N. Y. 550; *Spencer v. N. Y. C. R. R. Co.*, 67 Hun, 196; *Dibble v. New Haven R. R. Co.*, 100 Conn. 130; *Weireter v. G. N. Ry. Co.*, 178 N. W. Rep. 887; *Morrisdale Coal Co. v. P. R. R. Co.*, 230 U. S. 304.)

*L. Lloyd Brown* and *Harry Wolff* for respondents. The claim that the court erred in refusing to charge that no negligence may be predicated upon the operation of the locomotive backwards is without merit. In any event misdirection in the charge is not ground for reversal, where the jury has not been misled, or where the erroneous instruction could not have affected the verdict, or where substantial justice has been done, or where the verdict shows that the jury disregarded the instruction. (*Clover v. Greenwich Ins. Co.*, 101 N. Y. 277; *Roberge v. Bonner*, 185 N. Y. 269; *McAleenan v. Mass. Bonding & Ins. Co.*, 232 N. Y. 207; *Post v. Bklyn. H. R. Co.*, 195 N. Y. 62; *Michael v. N. Y. C. & St. L. R. R. Co.*, 203 App. Div. 24.)

*Per Curiam.* Plaintiffs' intestate, a trackwalker, was struck and killed by a locomotive while he was inspecting

or repairing tracks. The locomotive, which had no cars attached to it, was running backwards, and a heavy fog, together with steam from a passing train, so obscured the vision of the engineer and fireman that they were unable to see the tracks for more than ten or fifteen feet ahead. The decedent was hardly discovered before the engine was upon him, though its speed was not rapid, from ten to twenty miles an hour. About ten car lengths back a whistle had been blown. An automatic bell was ringing continuously, for so the fireman, who was a witness for the plaintiffs, testifies, and without substantial contradiction. We find nothing to show that any other precaution would have been either customary or effective.

In this situation the court was asked to charge that " no negligence may be predicated upon the operation of the locomotive backwards." The request was refused with the statement, " I will leave that as a question of fact to the jury."

We think the ruling is error which vitiates the verdict. The operation of a locomotive backwards is not negligence. It may often be indispensable if a road is to be run at all. The jury should have been told that there was nothing in the direction of the movement to charge the company with fault.

The plaintiffs argue that the form of the special verdict makes the error unsubstantial. We think it fails of that effect. The verdict states that the negligent act was " backing engine without proper precautions." Evidently the backward movement entered into the conclusion at least as a component factor. We cannot say what precautions the jury had in mind. If any were omitted, our scrutiny of this record does not tell us what they are. The conclusion is hardly to be avoided that some extraordinary precautions of the jury's own contriving were thought of as essential to counteract initial fault in moving back instead of forward.

" We are not at liberty to reverse for failure of proof "

the judgment " which the Appellate Division has unanimously affirmed (Const. art. VI, § 9). We may still look into the evidence, however, to help us to a conclusion whether errors in the charge are harmless or substantial " (*Matter of Santrucek*, 239 N. Y. 59, 62).

The judgment of the Appellate Division and that of the Trial Term should be reversed and a new trial granted as against the defendant, the New York, New Haven and Hartford Railroad Company, with costs to abide the event.

Cardozo, Pound, McLaughlin, Crane, Andrews and Lehman, JJ., concur; Hiscock, Ch. J., not sitting.

Judgments reversed, etc.