ANGELA FITZGERALD, Respondent, v. LEWIS A. LADABOUCH and KARL CHADWICK, Appellants.— Defendants appeal from a judgment in plaintiff's favor in the sum of $8,201.90 entered in the Warren county clerk's office on May 21, 1937, and also from an order denying their motion for a new trial. The action was instituted by plaintiff to recover damages for injuries alleged to have been sustained by her on account of the negligent operation of an automobile owned by defendant Ladabouch and driven by defendant Chadwick. The accident out of which the

suit arose occurred on October 23, 1936, at the intersection of Ridge and Maple streets in the city of Glens Falls. Ridge street runs in a northerly and southerly direction and is intersected at right angles by Maple street. Plaintiff, while crossing Ridge street from the westerly to the easterly side thereof, was struck by the automobile. There are two traffic lights controlling the movement of traffic on Ridge and Maple streets. Defendants assert that plaintiff was guilty of contributory negligence as a matter of law on the ground that she was struck while crossing Ridge street against the traffic control light. The trial judge submitted that question to the jury as one of fact. Defendants also contend that the verdict of the jury was improperly influenced because of the conduct of plaintiff's attorney in the examination of one of his witnesses. A witness who accompanied plaintiff at the time she was injured was sworn and on direct examination plaintiff's counsel inquired if she received injuries and made a claim against defendants for damages, to which she responded in the affirmative. He then asked: "And has that matter been adjusted at the present time?" The defendants objected and the objection was sustained. Defendants then moved to withdraw a juror and that motion was denied. The question is improper. The defendants' rights, however, were not adversely affected. Judgment and order affirmed, with costs. Hill, P. J., Rhodes, Bliss and Heffernan, JJ., concur; McNamee, J., dissents, and votes to reverse and for a new trial, on the ground that the question of plaintiff's contributory negligence was a very narrow one; and the evidence given by the plaintiff, through her own witness, followed as it was by the question as to settlement, was clearly erroneous and prejudicial to the defendant. A new trial should be granted.