PETER STALLONE, as Administrator, etc., of NUNZIO STALLONE, Deceased, Respondent, *v.* CENTRAL SAVINGS BANK IN THE CITY OF NEW YORK, Appellant.

Appeal by the defendant from a judgment of the Supreme Court, entered in the Bronx county clerk's office on September 12, 1940, upon a verdict in favor of the plaintiff and from so much of an order entered in said clerk's office on August 21, 1940, as denies defendant's motion to set aside the verdict and for a new trial.

Judgment, and the order so far as appealed from, affirmed, with costs. No opinion.

Present — Martin, P. J., O'Malley, Glennon, Cohn and Callahan, JJ.; Martin, P. J., dissents and votes to reverse and dismiss the complaint in opinion.

MARTIN, P. J. (dissenting). I dissent and vote to reverse the judgment and dismiss the complaint.

Sidney Sulzberger, who operated the elevator in defendant's building at the time the deceased sustained his injuries, was called as a witness by the plaintiff. On cross-examination he testified to the manner in which the accident occurred and his testimony clearly established the absence of any negligence on the part of the defendant. The plaintiff having called Sulzberger as a witness vouched for his credibility and may not thereafter contend that his testimony is unworthy of belief.

In *Carlisle* v. *Norris* (215 N. Y. 400, at pp. 408 and 409) Judge Hiscock, writing for the Court of Appeals, said: " There are other circumstances which in my opinion barred plaintiff from the right to question the general credibility of Graham. He himself first called Graham as a witness and relied on him to give substantial evidence necessary to establish his cause of action. By doing this he in effect vouched for his reliability and credibility, and thereafter, even though he was called by the other side, he could not give evidence to impeach him and of course if he could not give evidence to impeach him he could not assert without evidence that he was not to be believed." (See, also, *Hanrahan* v. *New York Edison Co.*, 238 N. Y. 194, and the cases cited therein.)

The judgment should be reversed and the complaint dismissed.