HELEN CAVALIER, Plaintiff, *v.* ADA B. BITTNER et al., Individually and Doing Business as CENTRAL TAXI Co., et al., Defendants.

Supreme Court, Trial Term, Onondaga County, February 21, 1946.

*Lionel O. Grossman* for plaintiff.

*Hubert C. Stratton* for Tobin Packing Company, Inc., and another, defendants.

SEARL, J. Defendants Tobin Packing Company, Inc., and Edward J. Tingle, move for a new trial, the jury having returned

a verdict of $2,500 for the plaintiff. A nonsuit has been granted as to the remaining defendants.

The ground urged is that counsel for plaintiff asked one of the defendants, John Eccles, on redirect examination, a question that was answered before a proper objection could be interposed or the court rule upon its admissibility.

The record follows: " Q. As to whether or not as a result of that injury you have received a settlement for your injury from the Tobin Packing Company? A. That's right. Mr. Stratton: I object to it as incompetent, immaterial and improper and ask for a mistrial, if the Court please. It is his own witness and highly prejudicial. The Court: Just a minute. Well, I will sustain the objection. The witness is called by the plaintiff. I will sustain the objection and strike out both the question and the answer and I will admonish the jury to disregard it entirely and deny your motion for a mistrial and give you an exception."

Briefly, the evidence indicated that a driver and helper, employed by defendant Tobin Packing Company, Inc., parked a heavy, enclosed-body truck, loaded with boxes of meat, upon the west side of Greenway Avenue in the city of Syracuse, on the night of the accident. The truck was headed north and thus was parked on the wrong side of the street. The point where it was parked was just north of the intersection of Vann Street in front of a market. The pavement was icy and the grade of Greenway Avenue at the point around 9%. The tires were without chains, the truck was placed substantially parallel to the curb and no blocking had been placed under the wheels. The evidence tended to show that as a taxicab driven by one of the defendants, John Eccles, was proceeding southerly past the parked truck, and while the driver of the truck was inside the same moving boxes with the assistance of his helper, the truck started to slide down and across Greenway Avenue, striking the taxicab and carrying it across the street. Plaintiff was thrown, the glass of the cab was shattered and the doors on the west side jammed.

Plaintiff called the defendant Eccles, the driver of the cab, inquired of him as to the movements of the cab and the truck, thus vouching for his credibility, but refrained from inquiring of him relative to any injuries sustained by plaintiff. On cross-examination counsel for defendant taxi company, as well as counsel for defendant Tobin Packing Company, Inc., inquired as to the physical condition of plaintiff, both while she was in the cab, following the accident, and her condition after being assisted from the cab and during the period prior to being picked up by

another cab and taken home. Thus, both counsel made the witness their own as to the extent of plaintiff's injuries. This inquiry, counsel for plaintiff urges, afforded the opportunity to make inquiry as to whether the impact had not been sufficient to cause injuries to the witness, the driver of the cab. In response to questions on redirect examination he answered that he had a lame back and wrist. Then the question first above referred to, relating to settlement, was asked him. Although an objection was instantly interposed, still the record shows the witness answered the question.

Plaintiff's counsel urges upon this motion that he was properly within his rights in asking and receiving an answer to the question as to settlement, taking the position that the cab driver was only interrogated and made plaintiff's witness as to the manner in which the accident occurred. Counsel urges that when defense counsel went outside of the purview of the direct examination, namely, the manner of the happening of the accident, and sought to minimize the extent of plaintiff's injuries, the defendants made the witness their own, thus affording plaintiff opportunity to attack his credibility. As to this contention, the court must hold against plaintiff. In *Hanrahan* v. *New York Edison Co.* (238 N. Y. 194, 197), a similar situation was discussed. There, plaintiff swore a driver to effect that he was operating a certain Ford automobile claimed to have been involved in an accident. The driver was later called by the defendant and testified he had no accident on the night in question. Plaintiff sought on cross-examination to attack the credibility of the witness by showing that he had been convicted in the Court of Special Sessions of the crime of striking plaintiff and not reporting the accident. The trial court received the evidence. In granting a new trial our Court of Appeals quoted from *Pollock* v. *Pollock* (71 N. Y. 137, 152) to effect that " It is fair to judge a party by his own witness. * * * If a party puts upon the stand a witness who is for any reason assailable, that party asserts or admits the credibility of that witness." In furtherance of this expression, Judge POUND wrote in the *Hanrahan* case (238 N. Y. 194, 198, *supra*): " The party who first calls a witness cannot be allowed to say or show that he was unworthy of credit by impeaching his general credibility when he is afterwards called by the other side. This is an ancient rule in New York (*Jackson* v. *Varick*, 7 Cow. 238, 242; affd., 2 Wend. 166, 205) * * *." *Carlisle* v. *Norris* (215 N. Y. 400, 409) is also cited.

The next question presented is whether defendants' rights have been prejudiced to an extent that warrants the granting of a new trial.

Referring first to any applicable decisions of our court of last resort, we find that in *Keet* v. *Murrin* (260 N. Y. 586), a ruling denying a motion for a new trial was found proper where a witness, sworn by defendant, was asked, as bearing on his credibility, whether he had settled with the defendant, and answered that he had.

In 1935, our Fourth Department granted a new trial in *Cochrane* v. *Fahey* (245 App. Div. 41), where the trial court permitted one witness to state on cross-examination " the amount he received in settlement ", and two other witnesses to testify to the fact that they had settled. Two justices dissented, however. The majority *Per Curiam* opinion commences with the statement " That defendants were guilty of negligence is not proved by such an overwhelming weight of evidence that we can overlook the prejudice that might have been caused * * * ." Where the question is close this element is apparently the deciding factor.

Later, in 1936, the Third Department decided *Goldstein* v. *Albany Yellow Cab Co.* (249 App. Div. 701). Plaintiff was suing to recover against the cab owners while riding as a passenger in another car. Defendants swore two passengers in the cab and brought out the fact that they had been settled with. Then on cross-examination plaintiff brought out over objection the amounts paid by defendants in settlement. The appellate court held this evidence was properly received on the question of credibility. However, " plaintiff's counsel referred to the payment by the defendant to its passengers, inferring that such payments were admissions of liability upon the part of the defendant." Although the court held that such reference was improper, yet it stated: " * * * in view of the strength of the testimony in the case as to the defendant's negligence, [such reference] may be disregarded."

Still later, in 1937, the Third Department in *Woodland* v. *Cote* (252 App. Div. 254), reaffirmed the holding that a witness " may be permitted to state on cross-examination that he adjusted or settled his claim against the defendant, as bearing on the interest and credibility of the witness. (*Keet* v. *Murrin*, 235 App. Div. 882; affd. 260 N. Y. 586.) " The trial court had permitted a witness to testify that he had been paid for his damage by a defendant, " ' as bearing upon his negligence in the operation

of the car ' ''. The reason for the appellate court's granting a new trial is there apparent.

In the same year, 1937, the Third Department again considered this subject in *Fitzgerald* v. *Ladabouch* (252 App. Div. 912). This case has been cited by defendant on the instant motion. The action taken by the Appellate Division, however, confirms the conclusion that this court must reach. In the *Fitzgerald* case (*supra*) a witness called by plaintiff testified on direct examination that she had been injured while accompanying plaintiff at the time the latter was injured and had made a claim against defendant for damages. She was then asked if the matter had been adjusted. Objection was made and sustained. Defendant moved to withdraw a juror and the court refused the request. The appellate court, although holding the question was improper, nevertheless affirmed the judgment, stating (p. 913) "The defendants' rights, however, were not adversely affected."

One of the most recent decisions on the subject is that in *Mannion* v. *General Baking Co.* (266 App. Div. 1028 [1943]). The action was to recover damages for the death of a bus driver against defendant, owner of a truck, as the result of a collision in which occupants of the bus had settled claims against the bus company. The trial court refused to permit defendant to establish the fact that certain of plaintiff's witnesses, occupants of the bus, had settled such claims, the court remarking that although such evidence could not justify the inference of liability, " such fact may bear on the interest, bias or credibility of the witnesses."

Crystallization of the conclusion reached in the cited cases, such as " The defendants' rights, however, were not adversely affected " (*Fitzgerald* v. *Ladabouch,* 252 App. Div. 912, 913, *supra*) " negligence is not proved by such an overwhelming weight of evidence that we can overlook the prejudice " (*Cochrane* v. *Fahey,* 245 App. Div. 41, *supra*) ; " in view of the strength of the testimony in the case as to the defendant's negligence " (*Goldstein* v. *Albany Yellow Cab Co.,* 249 App. Div. 701, *supra*), indicates that when the evidence of negligence is sufficiently strong so that a new trial would not, in all probability, change the result, and when the damages are not found excessive, the court will refuse to grant a new trial. In other words, prejudice then plays no part. In the instant case it might well be found that sooner or later the heavy truck, loaded as it was, parked on a fairly steep grade, with nothing to hold it stable, would start to slide. Clearly, the passenger in the taxicab was

free from any fault. There is nothing in the evidence to indicate that a retrial would change the result.

The court did all in its power to lessen and not accentuate any harm by telling the jury in the charge that any evidence stricken out should be entirely disregarded.

The motion for a new trial is therefore denied.