JOSEPHINE WASILEWSKI, Respondent, v. ALEXANDER WASILEWSKI et al., Appellants.— Appeal from order denying (1) defendant's motion to vacate and set aside an interlocutory judgment of divorce, to open his default and permit him to file an answer, and denying (2) the alleged corespondent's motion to vacate the judgment and for leave to file an answer under section 1151 of the Civil Practice Act. Order affirmed, with one bill of $10 costs and disbursements. No opinion. Nolan, P. J., Johnston, Adel, Sneed and Wenzel, JJ., concur.

## (December 13, 1948.)

HARRY ADLER, Respondent, v. TULLY & DI NAPOLI, INC., Appellant, and NICHOLAS ASCENZO et al., Partners Doing Business under the Name of ASCENZO & SONS, Respondents.— Action to recover damages for personal injuries sustained when an arm or boom of a hoist mounted upon a truck, being used by a subcontractor to hoist granite blocks from a freight train, broke by reason of a patent defect in the hoisting apparatus. Order denying motion to set aside a verdict against appellant, the general contractor in charge of the work in which the truck was used, and dismissing the cross complaint of appellant against defendants-respondents, the subcontractors using the truck in that work, and the judgment therein entered in favor of the plaintiff-respondent and against appellant, and dismissing the said cross complaint, unanimously affirmed, with costs to the plaintiff-respondent and to the defendants-respondents. (Adler v. Long Island R. R. Co., 297 N. Y. 542; Schwartz v. Merola Bros. Constr. Corp., 290 N. Y. 145, 156–157.) Present — Carswell, Acting P. J., Johnston, Adel, Sneed and Wenzel, JJ. [See post, p. 1065.]

HARRY BERGMAN, Appellant, v. MORTIMER SCHULTZ et al., Respondents.— In an action to recover damages for personal injuries suffered by plaintiff, a pedestrian, when he came in contact with an automobile owned by defendant Schultz and operated by defendant Gray, the verdict was in defendants' favor. Plaintiff appeals from the judgment entered thereon. Judgment reversed on the law, and a new trial granted, with costs to appellant to abide the event. Findings of fact implicit in the verdict are affirmed. It was error for the court to charge that, if a pedestrian crosses against a traffic light, that is contributory negligence as a matter of law. (Fitzgerald v. Ladabouch, 252 App. Div. 912, affd. 277 N. Y. 669.) Subdivision 1 of section 85 of the Vehicle and Traffic Law is not applicable to the city of New York. (Vehicle and Traffic Law, § 80; Roles v. Schwarz, Inc., 244 App. Div. 729.) Proper exception was taken to this portion of the charge. The exception was sufficient to save the point for review without a request to charge since the point was specifically brought to the attention of the court and the Trial Justice was fully apprised of the nature of the objection. (Gangi v. Fradus, 227 N. Y. 452, 458–459; Wells v. Higgins, 132 N. Y. 459, 464.) Nolan, P. J., Carswell, Johnston, Adel and Sneed, JJ., concur.