Defendant’s alleged negligence and plaintiff’s intestate’s alleged contributory negligence were questions of fact for the jury. The rule with respect to the failure of defendant to call one Kaplan was properly applied because Kaplan was shown to be friendly to defendant, as he was a fellow worker and a passenger in defendant’s car and attended the trial at defendant’s request. (Perlman v. Shanck, 192 App. Div. 179, 183.) The remarks of plaintiff’s counsel while summing up were improper, but under the facts of this case were not prejudicial. Moreover, counsel, while he objected to the remarks, made no request for action by the court nor did he move for the withdrawal of a juror. Nolan, P. J., Johnston, Sneed and MaeCrate, JJ., concur; Wenzel, J., dissents and votes to reverse and to grant a new trial, on the ground first, that the verdict is against the weight of evidence. The plaintiff’s intestate testified that he saw the defendant’s car when it was 100 feet away from him and going at 60 miles per hour. He was not then in its path but attempted to cross before it. Assuming that the traffic light was with the plaintiff’s intestate (although there is testimony to the contrary), it has been held in this State that traffic lights do not establish an absolute right of way. (Bergman v. Schultz, 274 App. Div. 1001.) Second, the remarks of the court in response to a proper request to charge were prejudicial to the defendant. Third, the statement by counsel in summation that “ Solomon won’t be hurt in any way whatever, no matter what your verdict” was not “ambiguous” as stated by the court on objection but a palpable disclosure to the jury that the defendant was insured. It is not necessary for counsel to move for a mistrial for every error of the court if, as here, objection is timely made. [191 Misc. 635.]