JAMES WOODSON, Respondent, v. NEW YORK CITY HOUSING AUTHORITY, Appellant, et al., Defendant.

First Department, October 4, 1960.

*Alexander R. Rosenthal* of counsel (*Irving Segal*, attorney), for appellant.

*James L. R. Costello* for respondent.

MEMORANDUM BY THE COURT. Judgment reversed on the law and a new trial ordered, with costs to abide the event. Whether or not plaintiff was wrongfully assaulted and whether or not he was falsely arrested and imprisoned should not have been determined by the trial court as a matter of law. Under the circumstances here there were involved questions of fact which should have been submitted to the jury. The mere fact that a defendant in this type of action rests upon plaintiff's case, without introducing any proof, does not necessarily amount to a concession of the facts establishing the liability on the part of the defendant. Where, as here, conflicting inferences may be drawn from the evidence produced by the plaintiff, or where, as here, the credibility of plaintiff's witnesses may be questioned, the defendant is entitled to go to the jury. (See 4 Wait's N. Y. Practice [4th ed.], p. 279; *Salomone* v. *Yellow Taxi Corp.*, 242 N. Y. 251; *Kavanagh* v. *Wilson*, 70 N. Y. 177; *Mendoza* v. *Levy*, 111 App. Div. 449.) The defendant here specifically excepted to " that part " of the charge " that takes out of the jury's hands the question of whether or not an assault and battery and false arrest was committed " and this was sufficient of itself to apprise the court of its errors in its charge and to give it an opportunity to correct same. Thus, the point was properly saved for review in this court. (See *Bergman* v. *Schultz*, 274 App. Div. 1001; *Gangi* v. *Fradus*, 227 N. Y. 452, 458, 459.)

STEVENS, J. (dissenting). The defendant on this appeal raises several questions. The one with which we are most concerned is the charge that the court erred in instructing the jury as a matter of law that Davies committed the wrongful acts of assault, false arrest and false imprisonment upon the plaintiff. The court did submit to the jury the issue whether such acts were committed within the scope of Davies' employment.

I agree with the majority that it was error to so charge as a matter of law, but in the posture of this case and on the evidence presented I should hold it harmless error. There was ample testimony that the plaintiff was assaulted, falsely arrested and falsely imprisoned, nor was this testimony or the credibility of plaintiff's witnesses as to the fact of the occurrence impeached, contradicted or discredited by cross-examination. Defendant offered no testimony but rested as it had a right to do on the plaintiff's case.

We have then a trial record which as to the occurrence presents no disputed question of fact. Only the answer, a general denial, puts the fact of the occurrence in issue. The more important question whether the acts were done in the scope of Davies' employment was submitted properly and resolved

against the defendant, and there was evidence to support the conclusion so drawn.

It is asserted that the jury might have elected to disbelieve the testimony of the assault and thus reject the plaintiff's claim.

While the finding or determining of the facts is within the jury's province, the jury " may not disregard the unimpeached, uncontradicted, and undiscredited testimony of an interested witness or party, and where it is apparent that it has done so, a verdict rendered by it will be set aside, if the evidence is material to the result." (*O'Leary* v. *Auburn & Syracuse Elec. R. R. Co.*, 188 N. Y. S. 714, 715; *Denton* v. *Carroll*, 4 App. Div. 532, 534.)

On the facts and as the case was presented, to hold the charge reversible error warranting a new trial is, in my view, to exalt form over substance. I therefore dissent and vote to affirm.

RABIN, J. P., VALENTE, McNALLY and EAGER, JJ., concur in decision; STEVENS, J., dissents in opinion.

Judgment reversed on the law and a new trial ordered, with costs to abide the event.